Lewis R. Rogers v. The Equitable Mutual Life and Endowment Association, Appellant.

Accident Insurance: WHEN CERTIFICATE TAKES EFFECT. Where an application for accident insurance is made to an agent of a mutual association, who has no authority to accept a person to membership, and who has to send the application to the association by mail for acceptance, on such acceptance and issuance of the certificate of membership, the latter does not relate back to the time the application was made, in the absence of anything in the application that binds the association in the interim of time; and in case of accident to the applicant after the application is made, and before its acceptance, the association is not liable, although the application is made a part of the certificate.

*Appeal from Boone District Court.*—Hon. D. R. Hindman, Judge.

TUESDAY, OCTOBER 19, 1897.

'ABOUT 2 o'clock P. M., December 17, 1895, the plaintiff made application, at Boone, Iowa, to one Aylesworth for membership in the accident department of the defendant association located at Waterloo Iowa. Aylesworth was the defendant's soliciting agent at Boone. The application was in writing. The application was mailed at Boone on the afternoon of the day it

was made, and reached Waterloo on the forenoon of the next day, and was accepted, and a certificate issued, dated December 18, 1895, which was mailed to Aylesworth at Boone, and by him delivered to the plaintiff within a day or two thereafter. On the evening of the seventeenth of December, and before the application had reached Waterloo, the plaintiff was injured, and this action is to recover on the certificate. The answer puts in issue a liability, for the reason that when the accident occurred the certificate was not in force, because the application had not then been received, nor the plaintiff accepted to membership. The cause was tried without a jury, and a judgment entered for plaintiff, from which the defendant appealed.— *Reversed.*

*Boies & Boies* for appellant.

*R. F. Jordan* for appellee.

GRANGER, J. — The following are provisions of the certificate: "That the Equitable Mutual Life and Endowment Association, Accident Department, in consideration of the warranties and agreements made in the application for membership, and of the sum of three dollars, and of the quarterly payment of three dollars and seventy-five cents,—the first quarterly payment falling due January 18, 1895, and the second May 1, 1895, and quarterly thereafter,—hereby accepts Lewis R. Rogers, by occupation, profession, or employment a freight brakeman, postoffice address, Boone, county of Boone, state of Iowa, as a member of the accident department of said association, and entitled to the benefits hereinafter described, provided all the conditions contained herein, and the by-laws of said association, as now or hereafter amended, are complied with. In the event the member herein named shall

sustain wholly disabling accidental injury, effected
through external, violent, or accidental means alone,
without the intent and meaning of this contract and
the conditions now or hereafter made, there shall be
due and payable ($6) dollars per week for a period
immediately following said injury, and during such
total disability, not exceeding fifty-two consecutive
weeks; provided, always, that this certificate is issued
and accepted subject to the provisions, conditions,
limitations, and exceptions herein contained or referred
to, and upon the express agreement that all the state-
ments and declarations made by the member in his
application for membership are warranted to be true
in all respects, and that said application, together
with classification of risks indorsed thereon, are
referred to, and made a part of this certificate. The
member is accepted under classification special hazard-
ous." The parties are in contention as to when the
certificate took effect so as to become a contract of
insurance; it being that of appellant that it was at the
date of the certificate, while appellee contends that,
when the certificate issued, it related back, so as to be
of force from the date of the application. The applica-
tion is simply one for membership in the association,
and the fact of membership is the basis of a right to
indemnity. It is nowhere contended that the agent at
Boone had authority to accept a person to membership.
The application contained the date on which the asso-
ciation was to determine the question of membership.
It is not claimed that there would be a liability had the
certificate not issued, but that, when issued, it had a
retroactive operation. Appellee's reliance for such a
legal proposition is some language in Wood on Fire
Insurance (volume 1), from sections 18 and 20, as fol-
lows: "When application is made for insurance by
mail, and the agent taking the application has no
authority to bind the company during the pendency of

the application, or there is nothing in the application itself that binds the company in the interim of time, the risk does not attach until it is actually accepted by the company. But as soon as the risk is accepted, and acceptance is signified by the posting of a notice thereof, the contract is complete, and has relation back to the time when the application was made, or the time designated in the application, if any, when the risk should commence, and covers a loss occurring before the acceptance. When a risk is accepted upon the terms designated in the application, whether the same is made by writing or parol, the contract is complete, and neither can recede therefrom, and, whether a policy has been executed or not, the risk attaches at the date of the application, or the time designated therein; and the insurer is liable for any loss that occurs after the time when the risk, by the contract, commenced, even though it occurred before its acceptance thereof." In view of the authorities cited in support of the text, there is reason to doubt a meaning as broad as that claimed by appellee. The text takes for its support *Lightbody v. Insurance Co.*, 23 Wend. 18; *Kohn v. Insurance Co.*, 1 Wash. C. C. 93. In both of these cases the policies were executed, but not delivered, and there was held to be a completed contract of insurance. Neither case allows the contract or the liability of the company to antedate the policy. The author also cites *Insurance Co. v. Ruggles*, 12 Wheat. (erroneously cited 1 Wheat.) 408. The case makes no holding whatever on a question like the one at bar. It is a fact in the case that the loss occurred before the policy was effected, but no question is made of that fact affecting the insurance because the policy was not in force. The case turned on the misconduct of the master of the sloop that was insured. Appellee also refers to *Keim v. Insurance Co.*, 42 Mo. 38. In that case the application was filed in the office of the secretary of the company February 9. The policy was made

out and was to take effect at noon of that day, and the
application and policy were permitted to remain in the
office of the secretary.  A loss occurred February 14,
and the policy was held in force.  *Baldwin v. Insurance
Co.*, 56 Mo. 151, is also cited.  In that case the applica-
tion was accepted and the policy made out, but held
for the payment of the premium, which was not paid
till after the loss; and it was held that, after the pay-
ment of the premium and the delivery of the policy, the
contract related back to the date of the policy, even
though the company had no knowledge of the loss.  In
short, there is no case coming to our notice that holds
to the rule of appellee's contention.  In fact, we do not
find a case where the question is considered as to a com-
pany being liable on a policy where an acceptance of
the application was necessary to complete the contract,
and the application had not been received when the loss
or accident occurred, that an acceptance afterwards is
held to relate back to the date of the application.  Such
a rule would be violative of all general rules governing
the taking effect of contracts.  There are cases in which
recovery has been sustained for losses occurring before
the policies issued, but they all turn on a different state
of facts from this case.  In such cases the contract of
insurance was complete without the policy, and the
policy was to issue in pursuance of such a contract.  In
2 May, Insurance, section 400, it is said that the policy,
if delivered, takes effect from its date, unless it be other-
wise stated.  That seems to be the uniform rule where
not otherwise provided.  It is thought that the fact
that the policy provides that the application is made a
part of the certificate favors appellee's construction,
but we think not.  Nothing in the application or certifi-
cate indicates such an intent.  The object in making the
application a part of the certificate is to know the intent
of the parties, by construing the two together, as they

are largely dependent instruments. We think, under the undisputed facts of the case, there can be no recovery, and the judgment must stand REVERSED.