People's Mutual Life, Accident & Health Insurance Company *v.* Powell.

Opinion delivered March 6, 1911.

Insurance—binding receipt—authority of agent.—One who sues an insurance company upon a receipt issued by a soliciting agent and purporting to bind the company in advance of the issuance of a policy assumes the burden of proving that such agent had actual or apparent authority to issue such receipt.

Appeal from Boone Chancery Court; *T. Haden Humphreys,* Chancellor; reversed.

*Downie, Rouse & Streepey,* for appellant.

A failure of the minds of the parties to meet in any essential vitiates the contract. 5 L. R. A. (N. S.) 407. An agent cannot bind his company by a parol contract of insurance. 100 Ga. 330; 34 N. Y. S. 872; 87 Fed. 71; 20 Ind. App. 206; 66 U. S. 548. The burden was on appellee to show authority in Claiborne. 62 Ark. 33; 39 Atl. 910. Apparent authority is not sufficient. 49 W. Va. 437; 54 Ark. 75; 85 Ark. 345. A reformation will be decreed only where the evidence is clear and decisive. 71 Ark. 614; 75 Ark. 72.

*W. F. Pace* and *Troy Pace,* for appellee.

A contract of insurance can rest in parol. 66 Ark. 621. A reformation of the policy may be had before or after loss so as to make it conform to the real agreement of the parties. 77 Ark. 48; 73 Ark. 119. The principal is bound by whatever is done by his agent within the scope of his apparent power. 49 Ark. 320. The recovery is not excessive. 58 Ark. 621.

McCulloch, C. J. The plaintiff, Worthy Powell, instituted this action in the chancery court of Boone County against the People's Mutual Life, Accident & Health Insurance Company to reform an alleged contract of accident insurance and to recover an amount alleged to be due thereon by reason of an accident to plaintiff. He alleges that one of the defendant's agents, W. C. Claiborne, solicited him to apply for a policy in the company, and executed to him a binding slip or receipt putting said policy immediately into effect, and that said agent orally agreed with him that the contract should take effect on November 1, 1909, the receipt being given on October 26, 1909. The receipt is in the following form:

"Policy fee receipt. October 26, 1909. Received of . . . . . . . an application for a policy in the People's Mutual Life, Accident & Health Insurance Company, and the sum of five dollars, being payment in advance of the policy fee upon the policy so applied for; and, should said company decline to issue a policy thereon within twenty days from date hereof, I agree that the amount of payment actually paid shall be returned to said applicant by the person signing this receipt. Applicant will please notify the company at Little Rock, Ark., should policy not be received within ten days from date hereof.

(Signed) "W. C. Claiborne."

It is alleged that Claiborne inadvertently wrote his own name in the blank space instead of plaintiff's name as he should have done, and it is in this particular that the receipt is sought to be reformed.

Claiborne forwarded to the company at Little Rock an application on a printed form, purporting to have been signed by plaintiff. This was received at defendant's office in Little Rock on November 4, 1909, and the policy was issued and mailed to plaintiff on that day. The accident which caused his injury occurred November 1, 1909. The application contained the following clause: "I understand and agree that under no circumstances shall this application be binding on the company, nor shall the policy hereby applied for be in force or this company incur any liability whatever, until * * * the policy has actually been issued by the proper officers of the company at its home office at Little Rock, Ark., and that the company shall not be bound by any statements made by me or the solicitor of this application. * * * I understand that the authority of the agent is limited to soliciting and forwarding this application and collecting the policy fee."

Counsel for plaintiff concede that, if plaintiff signed the application, it became a part of the contract, and that in that event he can assert no claim by reason of the accident, which occurred before the issuance of the policy. *Cooksey* v. *Mutual Life Ins. Co.,* 73 Ark. 117. But the plaintiff claims that he did not sign the application, and he so testified at the trial below. The question arises then as to the authority of the agent. Claiborne was not called as a witness, and no testimony was introduced as to the extent of his authority. The burden was on plaintiff to prove that the soliciting agent had authority, or that it was within the apparent scope of his authority, to issue a receipt binding the company to the insurance in advance of the issuance of the policy. *American Ins. Co.* v. *Hornbarger,* 85 Ark. 337; *City Electric Street Ry. Co.* v. *National Exchange Bank,* 62 Ark. 33; *American Ins. Co.* v. *Hampton,* 54 Ark. 75; *Todd* v. *Insurance Co.,* 34 La. Ann. 63; *Agricultural Insurance Co.* v. *Fritz,* 61 N. J. L. 211, 39 Atl. 910.

The company issued the policy on the faith of the application, which showed that the agent had no authority except to forward applications and collect the fees, and which contained

the stipulation that the company should not be bound until the policy was issued.

It is unnecessary, therefore, for us to pass on the disputed question of fact whether or not plaintiff signed the application. Nor is it necessary to discuss other questions in the case as to whether the written receipt amounted to a contract for immediate insurance, and, if not, whether it would be varying the terms of the writing to prove a contract by oral testimony. We are of the opinion that the plaintiff failed to make out a case by proof of the soliciting agent's authority, and the decree in his favor is erroneous.

Reversed and dismissed.

WOOD, J., not participating.