AMERICAN INSURANCE COMPANY *v.* SCHOOL DISTRICT No. 23.

Opinion delivered July 14, 1930.

R. W. *Robins* and *Robert Lee Bartels,* for appellant.
C. A. *Holland* and *Geo. W. Clark,* for appellee.

McHANEY, J. Prior to July 14, 1923, appellee applied to appellant for a policy for fire and tornado insurance in the sum of $1,000, through appellant's soliciting agent, W. O. Kemper. The policies were issued, effective July 14, 1923, for a term of three years, expiring July 14, 1926. Before the expiration of the policies Kemper solicited and obtained from appellee an application for renewal of same and a warrant was issued to him covering the amount of the premium thereon. Renewal policies were never issued by appellant. On Thanksgiving night in November following, the property covered by the old policies was destroyed by tornado. Appellee demanded payment of its loss, which was refused, and this suit followed. There was a verdict and judgment for appellee.

Kemper was a mere soliciting agent. He had no authority to write policies of insurance for appellant or to make oral contracts for insurance on behalf of appellee. His authority was limited to taking applications for insurance, forwarding them to appellant, countersigning them and delivering the policies when issued and sent to him by appellant and collecting the premium therefor. The application which he took from appellee for the second policy contained this clause: "It is understood and agreed that this application shall not be construed as a contract of insurance against said company until the

same shall be approved by the said officers of said company, which approval shall be evidenced by the issuance and delivery of its policy." The form of receipt furnished by appellant to Kemper to be issued and delivered by him to applicants for insurance at the time of taking the application contained this concluding sentence: "If you should not receive a policy within ten days, please notify R. M. Henry, Manager, Memphis, Tenn." More than four months intervened between the taking of the application and the loss, but no inquiry was ever made to the company or its manager at Memphis regarding the policy. Kemper testified that he forwarded the application and appellant's share of the premium to it, but never heard any more from it. Appellant's testimony was to the effect that it never received either the application or the money and had no information regarding same. For the purposes of this case we will assume as a fact, which the jury has evidently found by its verdict, that Kemper did send the application and the money to appellant.

Under an almost identical state of facts, this court held in *National Union Fire Ins. Co. v. School District No. 55*, 122 Ark. 179, 182 S. W. 547, L. R. A. 1916D, 238, that there was no liability on the part of the insurance company until the policy was actually issued. The application for the policy in that case contained the identical clause above quoted, and with reference thereto the court said: "Under the express terms of this proposal on the part of appellee for insurance it is stipulated that there shall be no contract of insurance until the company shall approve the application and evidence its approval by the issuance of a policy." In that case the application and the money covering the premium were not forwarded by the agent to the company, which was done in this case and constitutes the only differences in the facts in the two cases. With reference to this the court said: "Under this stipulation of appellee, even if the soliciting agent had promptly forwarded the application to the company, the latter was under no legal obligation to issue the pol-

icy to appellee. The authority of the soliciting agent to receive and forward the application if strictly followed did not impose upon the appellant any legal duty.

"If the application had been promptly transmitted and received, appellant would not have been liable until the policy was actually issued. *Cooksey* v. *Mutual Life Ins. Co.*, 73 Ark. 117, 83 S. W. 317, 108 Am. St. Rep. 26; *Peoples Mut. Life, Accident & Health Ins. Co.* v. *Powell*, 98 Ark. 166, 135 S. W. 823." Again it said in the same case: "The better reason and the decided weight of authority support the doctrine that mere delay in passing upon an application for insurance cannot be construed as accepting such application and consenting to be bound for the insurance sought by it, nor can a cause of action for negligence be grounded upon such delay."

We are therefore of the opinion that this case is ruled by that, and that instruction No. 2 given by the court over appellant's objections is directly contrary to the holding in the case. To the same effect is *Interstate Business Men's Accident Assn.* v. *Nichols*, 143 Ark. 374, 220 S. W. 477, citing and following the National Union Fire Ins. Co. case, *supra*.

Appellant requested a peremptory instruction in its favor, which, as we have already shown, should have been given in so far as any liability for the destruction of the school property is concerned. The undisputed proof shows, however, that on July 5, 1926, appellant's agent collected from appellee $53.75, for which no policy was issued. Appellant is liable to the district for this sum of money with interest from said date at 6 per cent. Judgment will therefore be entered here for said sum, together with all costs. In all other respects the case is reversed and dismissed.