HARRIS *v.* MUTUAL BENEFIT HEALTH & ACCIDENT ASSOCIATION.

4-3145

Opinion delivered October 16, 1933.

*H. B. Means,* for appellant.

*Malcolm W. Gannaway,* for appellee.

McHANEY, J.   March 24, 1932, appellant's husband, Gust Harris, applied to appellee for a policy of sick and accident insurance in the sum of $2,000 and paid the quarterly premium in advance to July 1, 1932, by giving his note to the soliciting agent for $22 which the agent discounted at a bank.   He gave said Harris a receipt for said note which, among others, contained this clause: "Should the company decline to issue the insurance policy, I hereby agree to return the above sum to said applicant."   The application for insurance contained this question: "Do you agree that this application shall not be binding upon the association (appellee) until accepted by the association, nor until policy is accepted by the insured while in good health and free from injury?" The answer was:  "Yes."   Thereafter, on April 2, and before any policy was issued by appellee, and, of course, before delivery to Harris, he was accidentally killed. Appellant, his widow and beneficiary, brought this action to recover $2,000 on the theory that appellee's agent told Harris he was insured from the date of the application. One witness testified he was in Harris' place of business shortly before April 1, and that the insurance agent told Harris when he signed the note he was insured for so much—his insurance was in effect from that time.   On this state of facts, the court instructed the jury to return a verdict for appellee, holding that there was no contract of insurance in force in appellee association at the time of Harris' death.

We agree with the trial court.   No attempt was made to show that the soliciting agent had any power or authority to bind his company on an oral contract of insurance.   Indeed the contrary appears from the application, and the receipt issued by the agent.   In the application Harris agreed that the application should not bind appellee until accepted by it, and until policy is accepted by him in good health and free from injury.   The receipt for the premium again notified him that no policy might

be issued, in which case premium was to be returned. This was done. Under similar provisions, we have many times held there was no contract, and that the agent was without power to effect a contract of oral insurance. *Jenkins* v. *International Life Ins. Co.*, 149 Ark. 257, 232 S. W. 3; *Pyramid Life Ins. Co.* v. *Belmont*, 177 Ark. 564, 7 S. W. (2d) 32; *Interstate Business Men's Acc. Ass'n* v. *Nichols*, 143 Ark. 369, 220 S. W. 477; *American Ins. Co.* v. *School Dist. 23*, 182 Ark. 158, 30 S. W. (2d) 217.

Affirmed.