[Civ. No. 1257.   Fourth Appellate District.—June 21, 1934.]

MARIA HANSEN et al., Respondents, v. FARMERS AUTOMOBILE INTER-INSURANCE EXCHANGE (a Corporation), Appellant.

Humphrey, Searls, Doyle & MacMillan, Morgan J. Doyle and Francis C. Gabel for Appellant.

Tarance S. Magee for Respondents.

BARNARD, P. J.—The plaintiffs herein are the widow and children of one H. P. Hansen, who died as a result of injuries sustained in a collision between an automobile in which he was riding and another automobile owned by J. F. Scarbrough, which collision occurred about 8:30 o'clock P. M. on April 24, 1931. In another action the plaintiffs herein recovered judgment against the said James F. Scarbrough and an execution was returned unsatisfied. The plaintiffs then brought this action against this defendant, alleging that at the time of the collision referred to the said James F. Scarbrough was covered by a written contract of insurance with this defendant. The purported contract relied on consists of an application for membership and insurance which had been signed by Scarbrough and forwarded to the defendant, a copy thereof being attached to the complaint and marked "Exhibit A". In its answer the defendant denied that it was a corporation and alleged that it was a reciprocal or inter-insurance exchange. It further denied that exhibit A, attached to the complaint, constituted a contract of insurance and denied that it ever entered into an insurance contract with Scarbrough. The court found that all of the allegations of the complaint were true except that it found that the defendant was and is a reciprocal or inter-insurance exchange, and that Farmers Underwriters Association, a corporation, is the attorney-in-fact for each, all and every of the members of said exchange. From a judgment entered in favor of the plaintiffs the defendant has appealed.

The main question presented is whether the application referred to, and set forth as exhibit A to the complaint, constituted a temporary contract of insurance covering the said Scarbrough and his automobile during the interim between the date named in the application and the time when a policy should be issued or when the application should be rejected. Incidentally, there is involved the question as to whether the agent who took Scarbrough's application had the apparent or ostensible authority to bind the appel-

lant by giving the said Scarbrough temporary coverage during the interim referred to.

The application in question was dated April 23, 1931, and was signed by Scarbrough on that date. It is entitled "Application for Membership and Insurance in Farmers Automobile Inter-Insurance Exchange." The first two paragraphs read as follows:

"The undersigned hereby applies for membership in Farmers Automobile Inter-Insurance Exchange, and for insurance in said Exchange for the classes of insurance as set forth below, which shall become effective when the application is accepted at the Home Office of the Exchange, or at such time thereafter as is indicated below.

"Upon payment of the membership fee and premium stated below (subject to acceptance of this application by the Attorney-in-Fact), the undersigned shall be entitled to membership in Farmers Automobile Inter-Insurance Exchange, and to insure one automobile, owned by him, for the kinds of insurance set forth in this application, for so long a period as the Exchange shall continue to write such insurance and such applicant shall remain a desirable risk and pay the premiums and other payments required for the renewal hereof."

It contains blanks to be filled in relating to the kinds of insurance desired with the membership fee and premium deposit to be paid for each, for the description of the automobile to be insured, for the name of the insured, and for answers to a number of questions to be answered by the applicant. Immediately preceding the questions to be answered by the applicant is the following: "Policy to take effect ——— 12 o'clock, noon." In this blank was inserted "April 24, 1931." Following the questions, with blanks for the applicant's answers, is set forth a statement of a number of things to which the applicant agrees by signing the application. Among other things, the applicant agrees with the other subscribers applying for membership in this inter-insurance exchange and with the Farmers Underwriters Association, as attorney-in-fact for all of the subscribers, to pay the membership dues and premiums and to exchange inter-insurance contracts with the other subscribers, providing automobile indemnity among themselves for any loss insured against as set forth in their contract

of insurance; that the Farmers Underwriters Association shall be his attorney-in-fact, with power, among other things, to exchange contracts of indemnity with the other subscribers; that the membership fees and premiums to be paid shall be used in a certain manner; and that his liability to the other subscribers shall be limited to a certain amount. Below the signature of Scarbrough appears the following:

"Accepted:

"Los Angeles, California, ........ 19....,

"FARMERS UNDERWRITERS ASSOCIATION,

"Attorney-in-Fact,

"By ..............."

One J. W. Allen, whose actual authority is shown to have been that of a soliciting agent, filled in the blanks in this application relating to the amounts for membership fee and premium deposit, to the description of the car, the name of the applicant and his answers to the questions asked relating to his automobile, and obtained Scarbrough's signature thereto on April 23, 1931. The agent also inserted the date "April 24, 1931" making that line read "Policy to take effect April 24, 1931, 12 o'clock noon".

Nothing was paid at the time the application was signed, although it is conceded that the agent told Scarbrough he could pay one-half of the amount due when the policy was delivered and the balance in thirty days. The application was forwarded by the agent to the appellant but the same was never accepted by the attorney-in-fact named or by the appellant and the application was not signed by either. Scarbrough was notified that the application would not be accepted, but this did not occur until after the collision which resulted in the death of Hansen. Scarbrough testified that some ten days after the date of the application he tendered the amount of the membership fee and premium deposit to the appellant; that the appellant refused to accept the same; that before signing the application he read it in its entirety; that he understood all of it and, in particular, that he understood the first two paragraphs, which are above quoted. He also testified that before he signed the application he stated to the agent "Suppose anything would happen, this insurance would be no good until I get my policy" and that the agent replied "It certainly will after 12 o'clock tomorrow." He further testified that

the agent told him that it was possible his application might be turned down by the home office but that the agent also said, "If it should be, you are insured until notified."

The appellant is a reciprocal or inter-insurance exchange organized and existing under and by virtue of the California Reciprocal or Inter-Insurance Exchange Act (Stats. 1921, p. 1599). This act seems to provide for a form of insurance through the mutual inter-exchange of insurance contracts by the members of an organization which is provided for in the act, it being also provided that the insurance contracts may be executed for the subscribers by an attorney-in-fact, who shall handle for the subscribers the details of making the inter-exchange of insurance contracts. Under the terms of the act it would seem that there could be no contract of insurance until such time as the applicant or subscriber became a member of the organization and until something was done in some way relating his contract to or inter-exchanging the same with the insurance contracts of other members of the organization. The application here in question is drawn in accordance with this arrangement. It is entitled an application for membership as well as insurance. In the opening paragraphs it is set forth that the undersigned applies for membership in the exchange and for insurance therein, and that the applicant is entitled to membership in the exchange and to insure one automobile belonging to him "subject to acceptance of this application by the attorney in fact". It is also provided that the insurance thus applied for "shall become effective when the application is accepted at the home office of the exchange, or at such time thereafter as is indicated below". Down below is a statement that the policy is to take effect at noon with a blank space provided, apparently for a date. The date to be filled in in this blank can only relate to the clause in the first paragraph of the application, which plainly says that the insurance shall become effective when the application is accepted at the home office or at such time thereafter as may be indicated below, and to the second paragraph of the application which states that the applicant is neither entitled to membership in the exchange nor to insure his automobile until his application has been accepted by the attorney-in-fact. Under these circumstances, it seems clear that there could be no insurance until after

the applicant became a member of the association and until after his application was accepted. If this had not occurred on the date inserted in the blank that date could not govern under the provisions set forth in the earlier part of the application, which plainly state that the time of taking effect of the policy must be after and not before an acceptance of the application. Not only does this clearly appear from the application, but Scarbrough's testimony shows that after reading the same he so understood it. Under the plain provisions of the application no contract of insurance was in force, pending an acceptance of the application by the exchange and the attorney-in-fact. It further appears that in addition to the prerequisite acceptance, the existence of insurance was dependent, under the terms of the act, upon a reciprocal exchange of contracts of indemnity between the applicant and other subscribers or members, a thing which was to be done by the attorney-in-fact for the respective parties.

█ The only remaining question is whether the agent who took this application had an apparent or ostensible authority to bind the appellant and did so by assuring him that the insurance would be in force after 12 o'clock noon the next day, and that in the event the application was rejected he would be insured until he was notified. █ It is well settled that apparent or ostensible authority of an agent can arise by implication only from the words, act or conduct of the principal and not from anything said or done by the agent. No words, acts or conduct of the principal from which such an ostensible authority might here be implied are presented other than the fact that the principal furnished the agent with these application blanks and authorized him to solicit members for the exchange and insurance therein. Assuming that in some cases such ostensible authority might be implied where the principal furnishes blank applications for insurance which include a statement that the policy is to take effect on a blank date at noon, and where the applicant might well assume that the agent had authority to insert any date in the blank so provided, we think such a result cannot here obtain. In the application involved here the blank space for inserting the effective date of the policy is so plainly modified by what goes before and the entire matter of insurance, temporary

or otherwise, is so clearly made dependent upon membership in the exchange, acceptance of the application by the exchange and by the attorney-in-fact, and a mutual inter-exchange of contracts, that the very application blank with which the agent was armed notified the applicant that these other things must take place before he would be entitled to any insurance. No ostensible authority on the part of the agent to change these requisites could be implied from the blank furnished the agent and we feel compelled to hold that there is no evidence to sustain the finding that a contract of insurance, covering this applicant and his automobile, was in force and effect on the evening of April 24, 1931.

Nothing in this opinion should be taken as a general approval of the inclusion in this application of the definite statement as to the effective date of the policy, a statement which is well calculated to be misleading under some circumstances. An honest intention to provide opportunity for requesting a delay in the effective date of the policy until some date subsequent to the time of acceptance of the application, can be carried out without including any misleading features.

For the reasons given the judgment appealed from is reversed.

Marks, J., concurred.

Jennings, J., being absent, did not participate in this opinion.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 20, 1934.