D. G. RAINSBARGER, Next Friend, Appellant, v. THE MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIATION, Appellee.

No. 44962.

FEBRUARY 6, 1940.

REHEARING DENIED MAY 11, 1940.

Ray P. Scott, for appellant.

Boardman & Cartwright, for appellee.

HALE, J.—The facts are stipulated and mostly undisputed. Virgil Rainsbarger, appearing by his next friend and who for convenience will be referred to as plaintiff, and who was aged eighteen, on August 24, 1937, signed application for a policy of accident insurance and delivered it to John DeBoer, agent of the defendant company. The application was sent by the agent to W. H. Hoover, agency manager of the defendant at Waterloo, September 4, 1937, but the premium which had been paid to DeBoer was not received by Hoover until September 14, 1937. Policy was issued September 17, mailed to DeBoer for delivery to Virgil, and was so delivered by leaving it at St. Thomas Hospital at Marshalltown on September 22, 1937, at a time when Virgil was a patient as the result of an injury received on August 26, 1937, at 4:30 o'clock in the afternoon, by having his leg caught in the beater of a lime spreader. Proof of loss was furnished October 19, 1937, and defendant has tendered back the amount of the advance premium, $10, which was refused by the plaintiff. These facts are undisputed except as to the date of the application, which bears the date of August 28. We think it is a fact, however, as is evidenced not only by the agreement made in court as to what the testimony of Virgil Rainsbarger would be, but also as shown by the receipt received by him from the agent, that the actual time of application was August 24; also on August 26, after the accident, Virgil was in the hospital at Marshalltown. By stipulation also it is agreed, under the objections as to competency by defendant, that Virgil would testify that DeBoer

told him the contract of insurance would be in effect August 26, and that the insured did not read the application at the time it was signed. Subject to objection evidence was offered that the father of Virgil wrote the company on September 13, 1937, inquiring as to why the policy had not been issued, and it also appears by the stipulation, subject to objection, that DeBoer at the time of the issuance of the policy did not have a license under the provisions of code section 8732.

The petition and amendments thereto in this case set out the policy, which was signed by the defendant's president September 17, 1937; allege waiver by the company on account of the representation of DeBoer, and estoppel to assert that the policy was not in force on August 26, 1937; and ask for reformation and for general equitable relief. Plaintiff alleges in the petition and reply that Virgil having been declared by the agent and medical examiner a fit subject for insurance, and the defendant having issued a policy on the application and having made delivery of the policy, defendant is estopped from setting up the defense that Virgil was not in the condition of health required by the policy. Plaintiff refers to the alleged statement of DeBoer as to the policy being in effect the second day after August 24, and argues that the policy having been delivered, its agent having knowledge of the accident, defendant is estopped to assert that it was not in effect on August 26th. Judgment is asked for the sum of $775 up to October 26, 1938.

Defendant denies that the policy was in effect at the time of the injury and sets out the answers of the insured to certain interrogatories, one of which is: "Do you agree that this application shall not be binding upon the Association until accepted by the Association, nor until policy is accepted by the insured while in good health and free from injury?" To this Virgil answered: "Yes." Defendant also sets out the provision of the policy:

"The term of this policy begins at 12 o'clock noon, Standard Time, on the date of delivery to and acceptance by the insured, against accident, and on the thirty-first day thereafter against disease, and ends at 12 o'clock noon on day any renewal is due."

Defendant insists that the application was not accepted

by the company until September 17, the date of the issuance of the policy, and that at the time of the injury no policy of insurance was in existence.

Under the issues made and the facts as hereinbefore set out trial was had and on June 28, 1938, the court found that plaintiff had failed to sustain the allegations of his petition, the petition was dismissed, and judgment for costs entered against the plaintiff. From such order and judgment plaintiff appeals.

The question before us is the effect of such provisions of the policy, under the circumstances as hereinbefore set out.

Plaintiff states as grounds for reversal, that the court erred in denying plaintiff's contention that the defendant is estopped to set up as a defense that the insured was not in the condition of health required by the policy at the time of the issuance and delivery thereof after the agent and medical examiner had declared Rainsbarger a fit subject for insurance and after the policy had been issued and delivered; that the court erred in refusing plaintiff's contention that the policy was in effect August 26; and that the court erred in rejecting the plaintiff's averment that the insurance company was estopped to claim that its agent, John DeBoer, was without authority to represent to the insured that the policy was in effect two days after the application, for the reason that said agent did have apparent authority.

It should be kept in mind that the policy in suit does not specify any date for the payment of premiums, nor is there any provision as to the time of the commencement of the insurance other than the provision in the application and policy as heretofore quoted. In this respect it differs from many policies of insurance, either life or accident, in that neither the time of payment of premium nor the time of beginning or termination of the policy is set out other than as in the provision above-quoted. The policy was not signed until September 17th —long after the accident suffered by plaintiff had occurred.

Plaintiff relies upon the provisions of section 8770 of the Code, found in chapter 401 which refers to life insurance companies and associations. The provisions of said section are as follows:

"In any case where the medical examiner, or physician

acting as such, of any life insurance company or association doing business in the state shall issue a certificate of health or declare the applicant a fit subject for insurance, or so report to the company or association or its agent under the rules and regulations of such company or association, it shall be thereby estopped from setting up in defense of the action on such policy or certificate that the assured was not in the condition of health required by the policy at the time of the issuance or delivery thereof, unless the same was procured by or through the fraud or deceit of the assured.''

No such provision is found in chapter 400, under which chapter the defendant association was formed and by the rules of which chapter it is governed. Plaintiff, however, contends that code section 8686, chapter 400, applies to the accident policy in suit, which section provides that:

''Any corporation doing business under this chapter which provides for the payment of policy claims, accumulation of a reserve or emergency fund, the expense of management and prosecution of the business, by payment of assessments as provided in its contracts, and wherein the liability of the insured to contribute to the payment of policy claims is not limited to a fixed amount, shall be deemed to be engaged in the business of life insurance upon the assessment plan, and shall be subject to the provisions of this chapter, and chapter 401.''

We do not so interpret the meaning of section 8686. It is a definition of the assessment plan of life insurance, and is so stated. We think by the very terms of the section it can apply only to life insurance. In other words, so far as the actual business of life insurance is concerned, when conducted by a company of this type organized under the provisions of chapter 400, it must be governed by the rules applicable to all life insurance companies; but it does not mean that the rules pertaining to life insurance shall also be applicable to accident insurance. A company engaged in both accident and life insurance must necessarily, so far as the life insurance is concerned, be controlled by the provision relating to such companies, but not necessarily so as to other forms of insurance.

Section 8770, so far as life insurance is concerned, applies in all cases where an actual delivery of the policy is

made, and the object of the section is to prevent denial of liability, except in case of fraud, by setting up the defense of prior poor health after the contract has once been entered into. Our court has quite uniformly held that as to life insurance this section is applicable where the delivery of the policy has been made and no fraud is established. Plaintiff does not cite any authority in this state where section 8770 applies to any other than life insurance companies, nor is there any case cited in which it has been applied to accident insurance. The characteristics of the risks are so different that it would not seem reasonable, nor would there be any necessity for any such rule in cases where the provisions of the policy are solely as to injury by accident. Cases cited by plaintiff refer only to life insurance, as in Mickel v. Mutual Life Ins. Co., 204 Iowa 1266, 213 N. W. 765, and cases cited therein.

In life insurance policies, an applicant having been accepted and the policy issued and delivered to him, has the right to insist under section 8770 that the insurer is estopped to set up the defense of change of condition of health at the time of the issuance and delivery. In the present case, in order to create liability, it would be necessary to show that the insurance dates from the application or from some time prior to the occurring of the accident. The policy in suit, however, contains no such provision and contains no statement as to the time of commencement except the date of acceptance and delivery. In the case at bar, when such acceptance and delivery had been accomplished the very event attempted to be insured against had occurred. The injury to plaintiff was on August 26, and the policy was not then in force. See Rogers v. Equitable Mut. Life & End. Association, 103 Iowa 337, 72 N. W. 538; Wilson v. Interstate Business Men's Accident Association, 160 Iowa 184, 140 N. W. 860.

■ Plaintiff urges the alleged statement of the agent, DeBoer, as to the time the policy went into effect. Even if this testimony had been admissible, as to which see Garton v. Phoenix Ins. Co., 215 Iowa 1213, 247 N. W. 639, we do not think this aids him. Plaintiff cites authority to the effect that the company is bound by the statement of its agent, and as one reason urges that DeBoer was not licensed and therefore did not come within the provisions of the statute which made

1082

him presumptively a soliciting agent only, but that, being unlicensed, he thereby became a general agent with power and authority to bind the company. If there was any such authority the burden would be upon the plaintiff to so establish. See, Murphy v. Continental Ins. Co., 178 Iowa 375, 157 N. W. 855, L. R. A. 1917B 934; Stoner v. First American F. Ins. Co., 215 Iowa 665, 246 N. W. 615; Chambers v. Home Mut. Ins. Assn., 214 Iowa 1353, 242 N. W. 30; Garton v. Phoenix Ins. Co., supra, and cases cited. While an agent who does not obtain a license is liable to punishment, we cannot see how that fact can enlarge his authority. It appears also that all that DeBoer did, aside from the claimed statement as to effective date of insurance, was to take the application and forward the same to the company. Nothing in the evidence indicates any authority other than as a soliciting agent to receive the application; nor is there any showing that the agent had any right or authority to vary the terms of the application and the express provision of the policy that it should begin on the date of delivery to and acceptance by the insured.

We agree with the district court that the plaintiff was bound by the provisions of the policy; that there was no estoppel; and that the policy took effect as provided by its terms after the date of the accident and not earlier than September 17, 1937.

We think that the case should be, and it is, affirmed.— Affirmed.

HAMILTON, C. J., and MITCHELL, RICHARDS, SAGER, BLISS, OLIVER, and MILLER, JJ., concur.