[Civ. No. 9633. Fourth Dist., Div. Two. Sept. 29, 1970.]

MELVINE KINCER et al., Plaintiffs and Respondents, v.
RESERVE INSURANCE COMPANY, Defendant and Appellant.

**COUNSEL**

Bolton & Hemer, John S. Bolton and Abe Mutchnik for Defendant and Appellant.

Beloud, Althouse & McDaniel and James H. McDaniel for Plaintiffs and Respondents.

**OPINION**

**KERRIGAN, J.**—This is an appeal by an insurer (defendant and appellant) from a declaratory judgment wherein the trial court determined that its insureds (plaintiffs and respondents) were entitled to uninsured motorist coverage under an automobile liability insurance policy.

The lawsuit arose when the plaintiffs were involved in an accident with an uninsured motorist on November 14, 1964. At the time of the accident, the plaintiff, Cecil Kincer, had an automobile liability insurance policy issued by the defendant, Reserve Insurance Company, covering a

1962 Ford Galaxie. The dispute arose when it was discovered that the application form was not signed by the insured but by a Mr. Simmons, partner of R. V. Snyder dba R. V. Snyder & Associates, an agent of the defendant, Reserve Insurance Company.

In early 1964, the plaintiffs moved from Fillmore to Montclair, California. At the time the change of residence was effected, the head of the household, Cecil, had already purchased the Ford and it was being financed, with full insurance coverage having been obtained through the dealer. Shortly after the family settled in Montclair, Simmons contacted Cecil for the purpose of determining whether he required any automobile insurance and was informed that plaintiffs did not require protection or coverage at that time. Simmons kept in touch with the family. On the occasion of Simmons' third visit, Cecil informed Simmons that his insurance coverage on the Ford was terminating and that he ". . . would accept transferring over to some insurance company if he (Simmons) could get me a good coverage insurance." Cecil did not detail the specific coverage he wanted, but he informed Simmons that he wanted "a complete coverage except . . . collision . . . and medical." Simmons did not present an application form to Cecil; rather, he stated that he did not have an application form with him. Cecil never at any time signed an application form. Thereafter Simmons signed Cecil Kincer's name on the application form and presented it to his partner, Snyder. Snyder signed the application form and submitted it to defendant Reserve. The application form stated that family protection (uninsured motorist coverage) was "waived." Defendant issued its automobile policy No. SA 169778 for a one-year term commencing September 4, 1964 and ending September 4, 1965. The policy likewise stated that uninsured motorist coverage was "waived." The premium charged was in the sum of $129, which was lower than it would have been had uninsured motorist coverage been included.

Neither the plaintiff, Cecil Kincer, nor his wife examined the policy. Plaintiffs paid the premiums on a monthly basis. Thereafter, within the policy period, plaintiffs were involved in a collision with an uninsured motorist and filed suit for damages against the uninsured driver. Plaintiffs also filed this separate action for declaratory relief against Reserve and its agent Snyder. During the trial of the declaratory relief action, plaintiffs dismissed the action against Snyder.

In attacking the trial court's judgment decreeing that the insured and his family were entitled to uninsured motorist protection, the insurer raises the following issues: (1) There was no insurance contract inasmuch as the policy was issued on the basis of a forged application; and (2) even assuming there was a valid insurance contract, the insured ratified the

contract in its entirety and thereby waived the uninsured motorist coverage when he elected to sue on the policy.

■ Defendant initially maintains that there was no binding contract of insurance because the application form was forged and no premium was ever charged for uninsured motorist protection.

This argument is utterly devoid of merit. The plaintiff requested complete coverage except collision and medical. The fact that he did not sign the application form and someone else did is immaterial. (See 1 Couch on Insurance (2d ed.) § 7.5, p. 312.) ■ The signature of an insured to an application is not necessary to the issuance of a valid insurance policy. (*Meyer* v. *Johnson,* 7 Cal.App.2d 604, 611 [46 P.2d 822]; see also *Crump* v. *Northwestern Nat. Life Ins. Co.,* 236 Cal.App.2d 149, 155-156 [45 Cal.Rptr. 814].) ■ The fact that no additional premium is assessed for uninsured motorist protection is also immaterial; the insured is nevertheless entitled to coverage. (*Eliopulos* v. *North River Ins. Co.,* 219 Cal.App.2d 845, 850 [33 Cal.Rptr. 449]; *Modglin* v. *State Farm Mut. Auto. Ins. Co.,* 273 Cal.App.2d 693, 699 [78 Cal.Rptr. 355].)

The crucial issue involved herein is whether the plaintiffs ratified the waiver in the application by accepting the policy or electing to sue on the policy.

■ An insurer has a right to limit coverage in plain and understandable language, and is at liberty to limit the character and extent of the risk it undertakes to assume. (See *Continental Cas. Co.* v. *Phoenix Constr. Co.,* 46 Cal.2d 423, 431-432 [296 P.2d 801, 57 A.L.R.2d 914].) The right of a company to limit its contract of coverage may not be questioned (*National Auto Ins. Co.* v. *Industrial Acc. Com.,* 11 Cal.2d 689, 691 [81 P.2d 926]), provided the limitation is not prohibited by public policy or statute. (*Linnastruth* v. *Mut. Benefit etc. Assn.,* 22 Cal.2d 216, 218 [137 P.2d 833].)

■ Although insurance companies have the right to limit uninsured motorist coverage and, when they have done so, the plain language of the limitations must be respected (*Darrah* v. *California State Auto. Assn.,* 259 Cal.App.2d 243, 246 [66 Cal.Rptr. 374]), uninsured motorist coverage may only be omitted from the policy upon written agreement signed by the insurer and insured. (*Mission Ins. Co.* v. *Brown,* 63 Cal.2d 508, 510 [47 Cal.Rptr. 363, 407 P.2d 275]; see also *Lopez* v. *State Farm Fire & Cas. Co.,* 250 Cal.App.2d 210, 212 [58 Cal.Rptr. 243]; *Utah Home Fire Ins. Co.* v. *McCarty,* 266 Cal.App.2d 892, 895 [72 Cal.Rptr. 460].) ■ Every bodily injury motor vehicle liability policy issued or delivered in this state must provide uninsured motorist coverage (*Travelers Indem.*

*Co.* v. *Kowalski,* 233 Cal.App.2d 607, 609 [43 Cal.Rptr. 843]), and the statute is part of every policy of insurance to which it is applicable to the same effect as if it were written out in full in the policy itself. (*Page* v. *Insurance Co. of North America,* 256 Cal.App.2d 374, 376 [64 Cal.Rptr. 89]; *Hendricks* v. *Meritplan Ins. Co.,* 205 Cal.App.2d 133, 136 [22 Cal. Rptr. 682].) ▮ The mere acceptance of a liability policy with terms more restrictive than the statute is not to be deemed a waiver of the statutory coverage. (*Lopez* v. *State Farm Fire & Cas. Co., supra,* 250 Cal. App.2d 210, 212.)

Under the plain language of the uninsured motorist statute, the parties to an automobile liability insurance contract may delete or omit uninsured motorist coverage only ". . . by an agreement in writing." (Ins. Code, § 11580.2.) ▮ Here, the insurer and the named insured did not ever jointly execute such a written agreement. Therefore, the insured did not waive the protection afforded by the statute, and the trial court properly decided that plaintiffs were entitled to statutory coverage.

▮ Another factor militates against waiver whether it be couched in terms of ratification or otherwise. The trial court had two instruments to interpret: (1) the application for insurance and (2) the policy. Neither document contains a clear waiver of uninsured motorist protection.

The application consisted of only two pages. On the first page were three columns entitled, "Premiums," "Limits of Liability," and "Coverages." The only references to uninsured motorist protection were in the Premiums and Coverages columns on page one. Under Premiums, the agent wrote in the word "waived." Under Coverages were the words "Family Protection (Uninsured Motorist)." No further reference to uninsured motorist coverage was contained in the application. A serious waiver question would thus arise even had the insured (Cecil) signed the application, which he did not.

The policy itself failed to contain a clear definition of uninsured motorist protection. The first page of the policy contained a preamble. In the preamble, coverages were defined by letter. Under Coverages were the letters "F.P."[1] in printed form. After the printed letters "F.P." in the Premiums column the insurer typed in the word "waived." Under the heading "Coverages," in small letters were the words "Family Protection (Uninsured Motorists) (see endorsement attached)." However, no endorsement was attached to the policy explaining or otherwise defining waiver of family protection or uninsured motorist coverage. Nor was there any reference in the body of the policy to uninsured motorist coverage. Further-

---

[1]The abbreviation for "Family Protection."

more, the insured testified that he did not read the policy until after the accident.

■ An agreement deleting uninsured motorist coverage is in the nature of an agreement to exclude from coverage something which would otherwise be included as a matter of law; an exclusionary clause must be conspicuous, plain and clear. (*Utah Home Fire Ins. Co.* v. *McCarty, supra,* 266 Cal.App.2d 892, 895; *Gray* v. *Zurich Ins. Co.,* 65 Cal.2d 263, 273 [54 Cal.Rptr. 104, 419 P.2d 168].) ■ When the only reference to uninsured motorist coverage is contained in the preamble, and where there is nothing in the body of a policy to indicate that uninsured motorist coverage is not being furnished, and where no endorsements are attached to the policy explaining the effect of a waiver of uninsured motorist protection, the insured may not be deemed to have waived such protection. (*Utah Home Fire Ins. Co.* v. *McCarty, supra,* 266 Cal.App.2d 892, 894-895.) The policy herein did not define the disputed coverage in plain language, and even had the insured read the instrument, he undoubtedly would not have comprehended the waiver or its meaning.

■ The argument advanced by the insurer to the effect that the insured ratified the policy as issued by suing on it is truly anomalous. Clearly, one may elect to ratify a forged signature or a contract made for his benefit by bringing suit; the bringing of suit will obviously bind the party who brought it. But an insurance company cannot issue a policy by which it unilaterally excludes uninsured motorist protection and then shout ratification when an insured brings suit to enforce such coverage. Furthermore, as noted above, every California automobile insurance policy includes uninsured motorist protection unless expressly waived by an instrument in writing signed by the insured and insurer.

The judgment is affirmed.

Gardner, P. J., and Gabbert, J., concurred.