392 So.2d 343 (1981)
Marilyn E. SANDERS, Appellant,
v.
WAUSAU UNDERWRITERS INSURANCE COMPANY, an Arkansas Corporation, Appellee.
No. 80-659.
District Court of Appeal of Florida, Fifth District.
January 14, 1981.
*344 Charles E. Davis of Frederick, Wooten & Honeywell, Orlando, for appellant.
Robert E. Austin, Jr., of Austin & Burleigh, P.A., Leesburg, for appellee.
COBB, Judge.
While appellant Sanders was staying at her mother's house, she was involved in a motorcycle-pedestrian accident. The issue in this case is whether she was a member of her husband's household or a member of her mother's household at the time of the accident for purposes of insurance coverage.
Wausau insured Sanders' mother. Sanders made a claim on her mother's insurance policy for underinsured motorist benefits on the contention that, since she was living with her mother at the time of the accident, she was a member of her mother's household and entitled to coverage. Wausau denied the claim on the ground that Sanders was only temporarily estranged from her husband and was therefore not a member of her mother's household.
Sanders filed suit for declaratory relief against Wausau. Wausau answered. Both parties then moved for summary judgment. The depositions of Sanders, her mother, and her husband were filed into the court record. The trial court found that Sanders and her husband were temporarily separated, and therefore Sanders remained a member of her husband's household.
Though physically absent from a husband's house, a wife may remain a member of his household. United States Fidelity & Guaranty Co. v. Williams, 375 So.2d 328 (Fla. 1st DCA 1979); Nationwide Mutual Ins. Co. v. Granillo, 117 Ariz. 389, 573 P.2d 80 (1977). The test for whether a wife is no longer a member of her husband's household is not just physical absence, but physical absence coupled with an intent not to return. Hawaiian Ins. & Guaranty Co., Ltd. v. Federated American Ins. Co., 13 Wash. App. 7, 534 P.2d 48 (1975); Southern Farm Bureau Cas. Ins. Co. v. Kimball, 552 S.W.2d 207 (Tex.Civ.App. 1977).
*345 Ordinarily, intent is a question of fact that should not be decided on a summary judgment. However, in this case, both parties requested that the issue be decided by summary judgment, and prior to the ruling, Sanders' counsel advised the trial court that he did not believe that he could provide any additional testimony other than that already in the record. With the proceeding in this posture, the trial court could render judgment on the merits, although it amounted to a trial of the case rather than a summary disposition. Nielsen v. Western Electric Co., 603 F.2d 741 (8th Cir.1979); Tripp v. May, 189 F.2d 198 (7th Cir.1951). See also Carpineta v. Shields, 70 So.2d 573 (Fla. 1954).
AFFIRMED.
DAUKSCH, C.J., and FRANK D. UPCHURCH, Jr., J., concur.