416 So.2d 1273 (1982)
AMERICAN SECURITY INSURANCE COMPANY, a Corporation, Appellant,
v.
Clara E. VAN HOOSE, Individually and As Mother and Natural Guardian of Angela Van Hoose, a Minor, and Alison Van Hoose, a Minor, Appellee.
No. 81-1406.
District Court of Appeal of Florida, Fifth District.
July 21, 1982.
John B. Fuller and Bryce W. Ackerman of Savage, Krim, Simons & Fuller, P.A., Ocala, for appellant.
John H. Piccin of Musleh, Mippin, Atkins & Krehl, Ocala, for appellee.
COBB, Judge.
The issue in this case is whether the trial court erred by defining the term "resident *1274 of household" in an automobile insurance policy to include appellee and her daughters who lived separate and apart from the named insured. We hold it did and reverse.
The appellee, Clara E. Van Hoose, filed suit against American Security Insurance Co. claiming that she and her daughters are entitled to recover for injuries suffered while passengers in a truck driven by an uninsured motorist which was involved in an accident on December 20, 1977. Van Hoose claims that she is covered by a policy held by her father, Hebron T. Weaver. The policy provides for coverage for injury from uninsured motorists to the named insured (Weaver) and any family member. "Family member" is defined in the policy as follows:
A person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child.
Van Hoose's motion for a summary judgment was granted by the circuit court on October 19, 1981, and the insurance company appeals.[1]
Appellee claims she is a family member as defined in the policy, despite the fact that she and her father do not live in the same house. It is this claim that is the focus of this appeal.
Appellee and her two daughters moved to Florida in October, 1976, after she had left her husband in Michigan. They moved into a rented house at 1342 Elliott Street, in close proximity to her father's home at 1330 Elliott Street. The home was rented in appellee's name and was fully equipped. In addition, the electricity was placed in appellee's name.
Depositions of both the father and the daughter show that while appellee always lived apart from her father, both at 1342 Elliott and subsequently at 1333 Elliott, she relied upon him for much of her support, including utility and rent payments as well as some food bills. Van Hoose did testify that she paid the rent when she was able to do so. Her main source of income was from a job as a nurse's aide. Prior to that, she was receiving approximately $150 per month from Aid for Families with Dependent Children. The father's contributions to the daughter and her children can be seen in the fact that the father took one child as an exemption on his 1976 and 1977 federal income tax returns.
It was established by the testimony that the appellee and her children spent much time at the father's house, including eating most meals there, and doing many chores around the house. Additionally, the appellee's children often spent nights there when appellee was working, and appellee herself would often sleep there. Weaver often was in charge of the children, and helped prepare them for school and prepared their meals. There was only one car in the family, the father's, and he often took the daughter to work and back. Appellee did testify, however, that she used the address of her house (1333 or 1342 Elliott) on job applications and federal income tax returns. Since the accident, Van Hoose's mother died, and appellee has remarried and divorced, with her new husband living for a time at her home at 1333 Elliott Street.
This appeal focuses on the sole question of whether the term "resident of household" can be defined to include the appellee and her daughters who, while maintaining a very close relationship with appellee's father, do live separate and apart from him, albeit only across the street. Black's Law Dictionary defines "household" as:
a family living together ... those who dwell under the same roof and compose a family.
While this definition would seem to require living together in one dwelling, several cases have held that an insurance policy in some situations covers one who is not physically within the same house as the named insured.[2]U.S. Fidelity & Guaranty *1275 Co. v. Williams, 375 So.2d 328 (Fla. 1st DCA 1979), cert. denied, 386 So.2d 642 (Fla. 1980).
Appellee and apparently the lower court relied heavily on Williams to allow the appellee to fall under the auto policy of her father despite the fact they were not actually living together. This reliance seems misplaced due to the different factual nature of the cases. In Williams, the evidence showed that the mother had taken out the insurance policy only for the daughter, since she herself did not drive; further, the daughter and mother often lived together in an on-and-off fashion for quite some time. In his dissent to the denial of the petition for rehearing, the writer of the original opinion, Judge Robert Smith, noted that a factual dispute was present in the testimony, and perhaps it was not proper to conclude as a matter of law that the daughter and mother resided in the same household. Judge Smith suggested a remand for further proceedings but noted that if the facts showed that they had spent substantially all their time living together, a joint residence could be seen.
In the instant case, Van Hoose was not put on the father's insurance policy, although the father states he thought about it after the accident. Further, the appellee and her father never lived together after her return to Florida, and at all times (even presently, following the death of Mrs. Weaver, appellee's mother) they lived apart. Appellee's only claim to being a resident of the same household comes from the large amount of support received from her father, support which he also gave to her, although in not as large an amount, when she lived in Michigan with her previous husband. This case clearly is distinguishable from Williams.
In cases dealing with a situation where a husband and wife are recently separated, this court has held that the test for whether a wife is no longer a member of her husband's household is not mere physical presence, but physical absence coupled with an intent not to return. Sanders v. Wausau Underwriters Ins. Co., 392 So.2d 343 (Fla. 5th DCA 1981). Analogizing that rule to this case, it is certainly obvious that Van Hoose had no intent of living with her father in his house; she did not do so at any time upon her return from Michigan, but instead had him rent a house for her prior to her arrival. She did not do so when forced to move from the original house, nor did she do so upon the death of her mother. This clearly differentiates this case from those where a temporary separation is allowed as long as intent to return is seen. See note 2, supra.
Even though it is clearly established that Weaver paid a substantial part of his daughter's expenses, this fact alone is not sufficient to show a joint household. If two separate households are indeed set up, even if maintenance may come heavily from one source, a joint residence is not established. Cotton States Mutual Ins. Co. v. McEachern, 135 Ga. App. 628, 218 S.E.2d 645 (1975) (father contributed 50% of support, son paid some expenses in house one-and-a-half miles away, court saw separate household via intent of son); Hernandez v. Comco Ins. Co., 357 So.2d 1368 (La. App.), cert. denied, 359 So.2d 1305 (La. 1978) (home on adjacent lot owned by father seen as separate since son-in-law paid own utilities, groceries, and exhibited other indicia of household). Contra: Mazzilli v. Accident & Casualty Ins. Co., 35 N.J. 1, 170 A.2d 800 (1961) (two houses built by husband on same lot prior to divorce seen as one household following divorce as to husband and wife due to continuance *1276 of a substantially integrated family relationship from marriage to present).
Here, the daughter gave sufficient indicia of having a separate household, such as putting the electric in her name, having the lease for the original house in her name, and putting that address down for job applications and on federal income tax forms. Additionally, appellee did pay some of the bills when she was able to. This is not an instance such as Mazzilli, where the relationship merely continued as it had but in a different building. Here the appellee went away for many years and was married before deciding to return to be near her parents in Florida, so no relationship can be said to have continued. Further, the fact that the houses were of such close proximity is insufficient to consider this as one household. Drake v. Donegal Mut. Ins. Co., 422 F. Supp. 272 (W.D.Pa. 1976) (mother and daughter lived in same apartment building, but deemed to be two separate households).
While not denying the close relationship that the appellee and her father have, it is apparent that two households are indeed present here, requiring a denial of recovery under the insurance policy. The order below is reversed and this cause remanded with instructions for entry of a summary judgment for the insurance company, American Security.
REVERSED and REMANDED.
ORFINGER, C.J., and DAUKSCH, J., concur.
NOTES
[1] The appeal is brought pursuant to Florida Rule of Appellate Procedure 9.130(a)(C)(iv).
[2] See, e.g., Sanders v. Wausau Underwriters Ins. Co., 392 So.2d 343 (Fla. 5th DCA 1981) (estranged wife may be seen to have two households); Miller v. United States Fidelity & Guaranty Co., 127 N.J. Super. 37, 316 A.2d 51 (1974) (child deemed to have two residences where spent time with mother during week and father on weekends); Travelers Ins. Co. v. Mixon, 118 Ga. App. 31, 162 S.E.2d 830 (1968) (living temporarily away does not deny residence in household); State Farm Mut. Auto Ins. Co. v. Elkins, 52 Cal. App.3d 534, 125 Cal. Rptr. 139 (1975) (temporary absence does not deny right to claim household). These cases are distinguishable from the instant case in that the absence is for a temporary time, with an intent seen to go back to the residence of the named insured. Contra, Griffin v. General Guaranty Ins. Co., 254 So.2d 574 (Fla. 3d DCA 1971) (insured seen as resident of only one home despite spending time in two).