[Civ. No. 29043. Fourth Dist., Div. Two. Oct. 26, 1982.]

CLEO C. DALTON, Plaintiff and Appellant, v.
METROPOLITAN PROPERTY AND LIABILITY
INSURANCE COMPANY, Defendant and Respondent.

1038

---

**COUNSEL**

Harris I. Steinberg for Plaintiff and Appellant.

Alvin M. Cassidy, Mal S. Duncan and William V. Stafford for Defendant and Respondent.

## OPINION

**KAUFMAN, Acting P. J.**—Plaintiff appeals from the grant of summary judgment in this action based on plaintiff's insurer's alleged bad faith in refusing a claim. We conclude there was no triable issue of fact for resolution by the trial court and will therefore affirm.

### Facts

While she was single, plaintiff purchased an automobile which she registered in her name and obtained a comprehensive automobile insurance policy from defendant. Plaintiff alone is specified in the policy as the "named insured," and is the only driver listed on the policy.

About eight months after she obtained the policy plaintiff married. Plaintiff and her husband (husband) lived in various motels, and about three weeks after they were married, the husband left with the automobile and never returned. In her amended complaint, plaintiff alleged the husband did not have her permission to take the car.

Plaintiff reported the automobile as stolen to defendant and the police, and later filed a claim with defendant. Defendant denied the claim. In a letter to plaintiff's former attorney defendant's claims supervisor stated the claim was denied because plaintiff's husband was a "named insured upon our policy and, therefore, cannot physically steal the vehicle," and "[o]nce the marriage was consummated, the vehicle became community property and cannot, therefore, be subject to theft by either individual."[1]

Plaintiff's automobile was later found in Colorado. The Colorado state police reported the location of the automobile to Security Pacific National Bank, plaintiff's lender, who brought the automobile to California where it was sold to satisfy the balance of plaintiff's loan.

In her amended complaint, plaintiff alleged defendant breached its duty of good faith and fair dealing by failing to honor plaintiff's claim; defendant withheld payment with a conscious disregard of plaintiff's right to payment in violation of Civil Code section 3294; and defendant's failure to pay plaintiff was a violation of Insurance Code section 790.03. Plaintiff sought general and punitive damages.

Defendant later moved for summary judgment, pointing out that under the policy a "named insured" is defined as "the person . . . named in the declarations and . . . the spouse of such person . . . if [a] resident of the same household." Because the husband was a "resident of the same

---

[1] The statement that the marriage converted the vehicle to community property was, of course, not legally correct.

household," defendant argued, there was no insured loss to a "named insured," and defendant was not obligated to pay plaintiff. Defendant's motion was accompained by the declaration of Mr. Mal S. Duncan, defendant's attorney. Mr. Duncan declared that every factual representation contained in defendant's points and authorities in support of the motion for summary judgment was true and within his personal knowledge. The points and authorities stated that at the time plaintiff's husband took the automobile, plaintiff and husband were "residing together" at a cabin in South Lake Tahoe.

Summary judgment was granted, and plaintiff appeals, arguing: (1) there was a triable issue of fact as to whether plaintiff's husband was a "resident of the same household," and therefore a named insured; and (2) the term "resident" is not defined in the policy and should be construed in a manner that would afford coverage.

### Discussion

It is fundamental that a motion for summary judgment will be granted "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Code Civ. Proc., § 437c.) ▪ Summary judgment is a drastic measure which deprives the losing party of a trial on the merits and may not be granted unless the papers filed in connection with the motion clearly show there is no triable issue of fact. (*People* ex rel. *Riles* v. *Windsor University* (1977) 71 Cal.App.3d 326, 331 [139 Cal.Rptr. 378].) ▪ The moving party's declarations are to be strictly construed and those of the opposing party liberally construed. (*Chern* v. *Bank of America* (1976) 15 Cal.3d 866, 875 [127 Cal.Rptr. 110, 544 P.2d 1310].) ▪ The court need not consider any counterdeclarations unless the moving party's declarations, standing alone and considered in the light of the pleadings, would support the summary judgment. (*Residents of Beverly Glen, Inc.* v. *City of Los Angeles* (1973) 34 Cal.App.3d 117, 127 [109 Cal.Rptr. 724].)

▪ Plaintiff argues that whether husband was a resident of plaintiff's household depended on whether he intended to return and that the husband's intent was a question of fact. In support of this argument plaintiff cites *Sanders* v. *Wausau Underwriters Ins. Co.* (Fla.App. 1981) 392 So.2d 343, and alludes to unspecified cases construing Civil Code section 5118.

In *Sanders, supra,* a Florida court of appeal held that the "test for whether a wife is no longer a member of her husband's household is . . . physical absence coupled with an intent not to return." (*Id.,* at p. 344.) Although *Sanders* appears to state the rule urged by plaintiff it is not binding authority in this court, and we do not find it persuasive.

Civil Code section 5118, which provides that the earnings of a spouse while living separate and apart from the other spouse are the separate property of the spouse, does nothing to advance plaintiff's cause. Although the spouse's intention to return or not to return to the other spouse is relevant in determining whether the spouses are living "separate and apart" under Civil Code section 5118 (*In re Baragry* (1977) 73 Cal.App.3d 444 [140 Cal.Rptr. 779]), this does not mean that intent is relevant in determining whether husband was a member of wife's household for insurance purposes. Indeed, there is authority to the contrary. In *Hardware Mutual Casualty Co.* v. *Home Indemnity Co.* (1966) 241 Cal.App.2d 303, 311 [50 Cal.Rptr. 508], the court stated that "a resident of the same household is one, other than a temporary or transient visitor, who lives together with others in the same house for a period of some duration, *although he may not intend to remain there permanently.*" (Italics added.)

A rule making the determination of whether a husband and wife are at a given moment residents of the same household turn on their momentary subjective intent would engender uncertainty, lead to great mischief and do more harm than good in terms of effecting the public policy purposes of automobile insurance. Suppose, for example, in this case when the husband had driven two blocks from the household he had negligently caused an accident in which several members of the public were badly injured. Should it be concluded he was no longer a "resident of the same household," and thus not insured, on the basis of his subjective intent to return or not return? We believe not.

We conclude husband's intent was not at issue in the case at bench and that the trial court properly determined husband was a "resident of the same household" and thus a "named insured" under the policy and that the policy did not provide coverage for theft of the insured vehicle by one named insured from another.

### Disposition

The summary judgment is affirmed.

McDaniel, J., and Trotter, J., concurred.