634 So.2d 220 (1994)
Christina KEPPLE, and Wade Kepple, her husband, and Christina Kepple as natural guardian and next friend of Tiffany Kepple, and Nationwide National Fire Insurance Company, Appellants,
v.
AETNA CASUALTY AND SURETY COMPANY, Appellee.
No. 93-01465.
District Court of Appeal of Florida, Second District.
March 23, 1994.
Randee K. Carson of Hampp, Schneikart, James & Swain, P.A., St. Petersburg, for appellants Kepples.
Charles W. Hall, St. Petersburg, for appellant Nationwide Nat. Fire Ins. Co.
Jeffrey B. Strouse, Benchimol, Hoft & Strouse, P.A., Tampa, for appellee.
PARKER, Judge.
Christina Kepple, while pregnant with Tiffany Kepple, was injured in an automobile collision in December 1989. Christina, on her own behalf and on behalf of Tiffany, and Wade Kepple, her husband (the Kepples), thereafter filed a personal injury action against the owner and operator of the other vehicle involved in the accident. The Kepples named Aetna Casualty and Surety Company (Aetna) as an additional defendant alleging entitlement to uninsured motorist coverage through the policy issued by Aetna to *221 Christina Kepple's mother and stepfather, Genevieve and Roger Hill (the Hills). Aetna raised as an affirmative defense that Christina Kepple was not covered under the Aetna policy.
The Kepples and Aetna each filed motions for summary judgment. The trial court entered final summary judgment in favor of Aetna which determined that the Kepples were not "covered persons" entitled to uninsured motorist coverage under Aetna's policy issued to the Hills. The Kepples appeal from the final summary judgment, and Nationwide Fire Insurance Company, a defendant below, joined in the appeal. We reverse, concluding that, as a matter of law, a partial summary judgment finding that Christina Kepple is a covered person under the policy should have been entered.
The undisputed facts are as follows. Christina Kepple always had resided with her mother and had lived with the Hills in their St. Petersburg residence since 1986. Christina and Wade Kepple were married in 1989, six months prior to the accident, at which time Christina was eighteen years of age and still in high school. Upon their marriage, Wade moved into the Hills' residence because he and Christina could not afford to live elsewhere. Initially, Wade and Christina shared Christina's bedroom. A short time later, in anticipation of the birth of their child, the newlyweds relocated to the enclosed carport attached to the residence which had been renovated and designed specifically to accommodate them. The enclosed carport and residence are under the same roof. The enclosed carport was furnished with a refrigerator, stove, small section of kitchen cabinets, bed, and two chairs. It had a sink with running water and a small bathroom with a shower. There was no separate address and no separate mailbox for this section of the home. Although this section afforded the newlyweds some privacy, both the Hills and the young couple had keys to all doors and they all had free access to the entire residence. The newlyweds often used the kitchen, bath, laundry area, and storage facilities in the main house, without requesting permission. They ate most of their meals with the rest of the family. Wade Kepple gave the Hills $25 to $50 either biweekly or monthly from his limited weekly income to help offset expenses. Christina was not employed. Wade did own a truck for transportation. The newlyweds had no lease agreement with the Hills, no separate telephone, and did not subscribe to any separate utilities in their own name.
At issue in this case is whether Christina is a "covered person" under the Aetna policy issued to the Hills. Where, as here, the facts are essentially undisputed, whether those facts fit within the policy definition is a question of law that may be decided on appellate review. Row v. United Services Automobile Association, 474 So.2d 348, 349 (Fla. 1st DCA 1985).
Under the policy, "covered persons" entitled to uninsured/underinsured motorist benefits are:
1. You or any family member.
2. Any other person occupying your covered auto.
3. Any person for damages that person is entitled to recover because of bodily injury to which this coverage applies sustained by a person described in 1. or 2. above.
The policy defines "family member" as "a person related to you by blood, marriage, or adoption who is a resident of your household, including a ward or foster child."[1] Aetna's policy did not define the term "resident of your household."
The Kepples primarily rely upon Row to support their position that Christina is covered under the policy. In Row, the court was asked to construe the term "member of your household" for the purpose of determining coverage under a policy which contained the same definition of "family member" as the policy in this case. In construing the term "household," the Row court looked to *222 General Guaranty Insurance Co. v. Broxie, 239 So.2d 595 (Fla. 1st DCA 1970), and noted that there were three material aspects of a household: (1) close ties of kinship, (2) a fixed dwelling unit, and (3) enjoyment of all the living facilities. Row, 474 So.2d at 349.
In Row, the insured's son, Mark Row, killed in a hit-and-run accident, suffered from mental illness and had drifted in and out of mental treatment centers and jail for over three years. His father, the insured, owned a twelve-unit apartment complex commonly referred to as the "Row Children Apartments," in which Mark, his siblings and his father lived. Mark and his sister each lived in a separate apartment. The other two Row children lived in the father's apartment. Each of the children had a master key to the father's apartment, giving them unrestricted use of the father's apartment for socializing, eating, cooking, using the telephone, laundering, and bathing. None of the children paid security deposits or executed leases in their names. Mark Row was not employed but did some maintenance work around the apartments.
In finding that the facts in that case fit within the definition of the term "household," the Row court stated:
These facts fall well within the broad definition that must be given the term "household." At the time of Mark's accidental death, he enjoyed close ties of kinship with the other members of the family, lived in a fixed dwelling unit complex with them, and enjoyed the use of each part of the living facilities, including his father's apartment. In short, the undisputed evidence established the sharing of companionship and living facilities of the dwelling unit essential to the concept of a family household. The fact that Mark was physically staying in a separate apartment from his father is, under the unique circumstances shown here, of no legal consequence.
Row, 474 So.2d at 351.
We conclude that the undisputed facts of this case are very similar to those in Row. Among other similarities, Christina and Wade had keys to the main house and had unlimited use of the entire residence. Additionally, they had no lease agreement in their name and no separate utilities in their name.
The facts in this case are distinguishable from those in American Security Insurance Company v. Van Hoose, 416 So.2d 1273 (Fla. 5th DCA 1982), upon which Aetna primarily relies. In Van Hoose, the plaintiff, the daughter of the insured, returned to Florida with her two daughters after leaving her husband in Michigan. She moved into a rented house across the street from her father's residence. The house was rented in the daughter's name and the electricity was in her name. The daughter and her children spent a great deal of time at her father's house, eating most of their meals there and helping with household chores. Additionally, the father contributed much to the daughter's support, including utility and rent payments and paid some food bills. For two years the father claimed one child as an exemption on his federal income tax returns.
In finding that the daughter was not a covered person and granting summary judgment in favor of the insurer, the Van Hoose court stated:
Here, the daughter has sufficient indicia of having a separate household, such as putting the electric in her name, having the lease for the original house in her name, and putting that address down for job applications and on federal income tax forms. Additionally, appellee did pay some of the bills when she was able to... . Here the appellee went away for many years and was married before deciding to return to be near her parents in Florida, so no relationship can be said to have continued.
Van Hoose, 416 So.2d at 1276. The daughter of the insured in Van Hoose established a separate family residence from the father when she returned to Florida. She was not a continuing member of her father's household. Nor did she reestablish herself as a member of his household upon her return. Here, upon marrying Wade, Christina continued to reside with the Hills and remained a member of the Hill household. Her marriage simply added Wade to the existing household. While the young couple relocated to another portion of the house for privacy *223 purposes, their relocation to a different section did not alter Christina's status as a member of the household.
Because the parties agree that the material facts are undisputed and that this matter is a question of law to be decided by this court, we reverse the trial court and remand this case to the trial court with directions to enter a partial summary judgment finding uninsured motorist coverage for the Kepples.
Reversed and remanded with directions to the trial court.
RYDER, A.C.J., and LAZZARA, J., concur.
NOTES
[1] Following the accident involving Christina, Aetna amended the policy changing the definition of family member to "a person related to you by blood, marriage, or adoption who is a resident of your household, including a ward or foster child, and who does not own a private passenger automobile, pickup, panel truck or van."