**In re Izell BLUNT and Raydeen Blunt, d/b/a Blunt & Blunt Enterprises, Debtors.**

**Valerie Hall MANUEL, Trustee of the Estate of Izell Blunt and Raydeen Blunt, d/b/a Blunt & Blunt Enterprises, Plaintiff,**

v.

**CITY OF JACKSONVILLE, a body corporate, and A. James Agett, Defendants.**

**Bankruptcy No. 92–3146–3P1. Adv. No. 94–293.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

June 6, 1995.

G. Everett Burghardt Williams, Jacksonville, FL, for plaintiff.

Louis Tous, City of Jacksonville, Jacksonville, FL, for defendant City of Jacksonville.

Daniel D. Akel, John R. Stiefel, Jr., Jacksonville, FL, for defendant A. James Agett.

Valerie Hall Manuel, Trustee, Jackonsville, FL.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding came before the Court upon a Motion for Summary Judgment filed by defendant, City of Jacksonville, a body corporate ("City") pursuant to Federal Rule of Bankruptcy Procedure 7056. Upon the evidence presented at a hearing on January 18, 1995, the Court enters the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. Prior to September, 1989, debtors were the owners of the following apartment complexes located in Jacksonville, Florida: Society Courts, 1780 Pearce Street; Grothe Gardens Apartments, 1402 through 1414 Grothe Street; and Mercedes Court Apartments, 1477 North Davis Street.

2. On September 8, 1989, debtors and the City entered into a Construction Loan Agreement under which the City agreed to make a loan for improvements to the Society Court Apartments.

3. Pursuant to the terms of the Construction Loan Agreement, construction was to be completed "no later than 9 months from the date [of the Construction Loan Agreement] or June 9, 1990." (Construction Loan Agreement, Paragraph 3).

4. On September 8, 1989, debtors and Harold D. Drake, owner of the J.A.D.M.E. Company, entered into a Rehabilitation Work Contract under which J.A.D.M.E. agreed to furnish "all labor, materials, equipment, permits, licenses and services for the proper completion" of the renovation project. (Rehabilitation Work Contract, Article 1).

5. Under the rehabilitation Work Contract, the City was responsible for the "general administration of the Contract" and was directed to "assist the [debtors] by acting as the [debtors'] representative during the construction period." The contract also provided that the City should "make inspections of the work while in progress to determine if it

is proceeding in accordance with the contract documents." (Rehabilitation Work Contract, Article 9).

6. As of April, 1990, J.A.D.M.E. had billed for 97 percent of the contract costs relating to the Society Courts project but failed to pay certain subcontractors. The subcontractors filed a lien for $63,000.

7. While the Society Court property was under renovation, the debtors entered into negotiation with the City for similar renovation projects for the Mercedes Courts Apartment Complex and the Grothe Gardens Apartments.

8. As a result of the liens placed by the subcontractors and the City's erroneous payments to J.A.D.M.E., the Society Courts project was delayed. Due to the delay in the Society Courts renovation project, debtors were unable to begin renovation of Mercedes Courts Apartments and the Grothe Gardens Apartments. Both of these properties deteriorated and were heavily fined by the City of Jacksonville. The Grothe Gardens property was later condemned and demolished.

9. The debtors sued J.A.D.M.E. for damages in the Circuit Court of Duval County, Florida, and obtained a judgment.

10. The debtors filed for relief under Chapter 11 of the Bankruptcy Code on June 1, 1992. The case was converted to Chapter 7 on September 13, 1994. On November 9, 1994, plaintiff commenced this adversary proceeding by filing a complaint to recover money or property belonging to or owed to the estate by the defendants.

11. The complaint alleges that the defendants' failure to inspect the Society Court property and administer the renovation contract delayed the project and caused the debtors to sustain economic loss.

12. The complaint further alleges that the delay in the Society Courts Project led to the deterioration of the Mercedes Court and Grothe Garden projects and caused the debtors to incur municipal code enforcement fines on those properties. Plaintiff also contends that debtors incurred demolition liens and suffered the loss of future income due to the destruction of the Grothe Gardens Apartment Complex.

13. Finally, plaintiff alleges that because the identity of defendant A. James Agett was not disclosed, the debtors were without remedy to secure completion of the Society Court renovation project and suffered damages of at least $245,000.

14. On December 21, 1994, the City of Jacksonville filed a motion for summary judgment, alleging that no triable issues of fact exist because the City was shielded from liability by an indemnification clause in the Construction Loan Agreement. The indemnification clause states:

**SERVICES TO BENEFIT LENDER:** All inspections and other services rendered by or on behalf of Lender and whether or not paid for by Owner shall be rendered solely for the protection and benefit of Lender, and Owner shall not be entitled to claim any loss or damages against Lender or its agents or employees for failure to properly discharge their duties to Lender. (Construction Loan Agreement, Paragraph J).

15. The City alleges that the indemnification clause (a "hold harmless" clause) automatically protects it from plaintiff's claims for damages and removes any triable issues of fact.

16. At hearing, plaintiff argued that the clause was ambiguous and the required interpretation presented a triable issue of fact.

## CONCLUSIONS OF LAW

■ Summary judgment may be awarded only when no triable issues of fact exist and when the movant is entitled to summary judgment as a matter of law. F.R.B.P. 7056 and F.R.C.P. 56. When considering a summary judgment motion, the Court must construe the evidence in the light most favorable to the nonmovant. *Mercantile Bank & Trust Co. v. Fidelity & Deposit Co.,* 750 F.2d 838, 841 (11th Cir.1985). Other courts have held that "where conflicting inferences may reasonably be adduced from the evidence, even where the evidence itself is not in conflict, the motion for summary judgment should be denied." *Burroughs Corporation v. American Druggists' Insurance,* 450 So.2d

540, 544 (Fla. 2nd DCA 1984). Thus, "[i]f there is even the slightest doubt as to the existence or non existence of a genuine issue of material fact, that doubt must be resolved against the movant." *Id.*

Plaintiff alleges that the defendant is not entitled to summary judgment because the indemnity provision is ambiguous and presents a triable issue of fact. According to Florida contract law, "[a] phrase in a contract is ambiguous when it is uncertain of meaning and disputed." *Laufer v. Norma Fashions, Inc.,* 418 So.2d 437, 439 (Fla. 3rd DCA 1982). To determine the meaning of an ambiguous phrase, the Court would necessarily have to determine the intent of the contracting parties. The Supreme Court of Florida has suggested that the basic objective in construing an indemnity provision "is to give effect to the intent of the parties involved." *University Plaza Shopping Center, Inc. v. Stewart,* 272 So.2d 507 (Fla.1973). Florida case law also supports the general rule of contract law that "intent is a question of fact that should not be decided on a summary judgment." *Sanders v. Wausau Underwriters Insurance Company,* 392 So.2d 343, 345 (Fla. 5th DCA 1981).

■ The Court finds that the indemnity clause is ambiguous because the parties dispute its meaning and interpretation. To determine the exact obligations of the parties under the indemnity provision, the Court would need to determine the intent of the parties. Intent is a question of fact which cannot be decided on a summary judgment motion. Thus, the Court finds that a triable issue of fact exists and the motion for summary judgment should be denied.

The Court will enter a separate order consistent with these findings of fact and conclusions of law.