94 F.3d 653
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Garnet Rose TREVINO, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY OF
BLOOMINGTON, ILLINOIS, Defendant-Appellee.
 No. 94-56589.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 11, 1996.
Decided Aug. 22, 1996.
 
 Before GOODWIN and HAWKINS, Circuit Judges, and WARE, District Judge.*
 MEMORANDUM**
 Garnet Rose Trevino appeals the district court order granting summary judgment in favor of State Farm Mutual Automobile Insurance Company. We affirm in part, reverse and remand in part.
 FACTUAL AND PROCEDURAL BACKGROUND
 This action arises out of an automobile accident negligently caused by appellant, Garnet Rose Trevino ("Trevino") in November 1991. Trevino was driving her friend Nancy Vella's vehicle at the time of the accident. After the accident, Vella sued Trevino for her personal injuries. Trevino sought a defense from appellee, State Farm Mutual Auto Insurance Company ("State Farm"), under an automobile insurance liability policy that named her son, Chris Ekeburg ("Ekeburg") as an insured. This policy insured a 1985 Cadillac which Ekeburg owned and which he kept in the garage at Trevino's residence in Laguna Hills, California. Trevino sought coverage from State Farm as an insured using a temporary substitute or no-owned car. She requested that State Farm indemnify and defend her in the Vella lawsuit. State Farm refused. Trevino settled the Vella lawsuit. Trevino then filed suit in state court against State Farm seeking declaratory relief and alleging bad faith under California state law.[1] State Farm removed on the basis of diversity.
 The parties agree that a "relative" as defined in the policy is an "insured." The policy defines "relative" as follows:
 Relative --as used in sections I, II, IV AND V means a person related to you or your spouse by blood, marriage or adoption who lives with you. It includes your unmarried and unemancipated child away at school.
 Trevino lives at the Laguna Hills condominium for four to five months of the year and in Mexico four to five months of the year. She spends the rest of the time in Las Vegas or in her mobile home in various places.
 The policy lists Trevino's son, Chris Ekeburg's ("Ekeburg"), address as Moss Beach, California. Under the "EXCEPTIONS AND ENDORSEMENTS" section is the phrase "RESIDENCE--LAGUNA HILLS CA 92651." Before State Farm denied coverage, an adjuster interviewed Trevino and Ekeburg. Trevino told the adjuster that Ekeburg lived with her at times in Laguna Hills, and that he was a freelance TV producer who frequently moved and traveled a lot. Ekeburg told the adjuster that he lived with his mother at her condominium in Laguna Hills on a frequent basis, but never more that a month or two at a time. He also told the adjuster that he considered the Laguna Hills residence to be his home.
 Ekeburg stated in declaration that he had an apartment/share rental at five different locations during the previous four years, but that a great deal of his business was conducted in Southern California. He lived at the Laguna Hills residence whenever he was in Southern California. His "best estimate is that at the time of the accident, [he] spent at least six weeks out of the year at his mother's condominium. Ekeburg considers the condominium to be his "permanent home and second residence." Ekeburg keeps clothes, diving equipment and personal items at the condominium. At the time of the accident, Ekeburg's driver's license and tax returns stated that his address was Moss Beach, California. He also represented in his brief in the district court that he was not at the Laguna Hills address on the date of the accident.
 When he purchased the insurance, Ekeburg requested a policy that "afforded the maximum coverage available because [he] knew that [his] mother would be the primary driver of the covered vehicle." Ekeburg told State Farm that he would keep the vehicle at the Laguna Hills address and that he would use it when he was in Southern California, which was on a "frequent basis." Some time after he purchased the policy, Ekeburg asked State Farm whether the policy that he purchased covered his mother as she was the principal operator of the vehicle and she lived at the residence where the vehicle was parked. State Farm assured him that his mother was covered.
 Trevino contends that she should be a named insured in the policy as State Farm underwrote the policy with the intention of covering her as an insured. Ekeburg's insurance application contains a section which reads as follows:
 FULL NAME OF PERSONS TO BE INSURED
 ONLY RESIDENT RELATIVES ARE ELIGIBLE
 Rose Trevino (mother)'s house[.] Chris keeping this car garaged in Laguna Hills for when he is in that area--please don't transfer pol[icy] to another Agent.
 The "Household Profiles" in State Farm's underwriting files contain information about Ekeburg's and Trevino's driving records. The profiles list both Ekeburg and Trevino under the section entitled "DRIVERS AND VIOLATIONS." Under the section entitled "HOUSEHOLD AND POLICY NOTES," the Profile states, "PH bought this vehicle and leaves it garaged at his mother's house in Orange County for when he's in that area per AGT. 11/91CM." Under "HOUSEHOLD DRIVERS AND VIOLATIONS," Ekeburg is listed once and Trevino twice. The profiles indicate that they were generated on August 17, 1994.
 JURISDICTION
 The district court opinion did not address jurisdiction. As requested by this Court, at oral argument, the parties clarified the record to indicate that the state court damage action was no longer pending at removal. Accordingly, this Court has jurisdiction to consider Appellant's appeal pursuant to 28 U.S.C. § 1291; American National Fire Ins. Co. v. Hungerford, 53 F.3d 1012 (9th Cir.1995); Employers Reinsurance Corp. v. Karussos, 65 F.3d 796 (9th Cir.1995).
 STANDARD OF REVIEW
 We review the decision of the district court to grant a motion for summary judgment de novo. Gasho v. United States, 39 F.3d 1420, 1427 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 2582 (1995). Felton v. Unisource Corp., 940 F.2d 503, 508 (9th Cir.1991). We must view the evidence in the light most favorable to the non-moving party and determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). A grant of summary judgment may be sustained on any basis presented by the record. Jackson v. Southern Ca. Gas Co., 881 F.2d 638, 643 (9th Cir.1989). Jurisdiction in this action is based on diversity; thus, this court applies California law. Tonry v. Security Experts, Inc., 20 F.3d 967, 971 n. 3 (9th Cir.1994).
 ANALYSIS
 The district court granted summary judgment for State Farm on the ground that the uncontroverted evidence established that Trevino did not live with her son, and therefore, she was not an insured under the policy. In granting summary judgment, the district court opinion stated that the court resolved all factual conflicts in the evidence in favor of Trevino. The district court also found that State Farm's denial of coverage did not breach the implied covenant of good faith and fair dealing and thus did not constitute bad faith.
 A. Policy Terms: "Live With" and "Relative"
 Trevino argues that the district court should have adopted an "expansive reading" of the clause "lives with you" and thus it was error to conclude that because Trevino did not stay in the condominium with Ekeburg year-round, that Trevino did not "live with" Ekeburg. Trevino argues that the district court failed to take into account Ekeburg's subjective intent as to the Laguna Hills address. Trevino also argues that the clause "lives with you" is ambiguous and should be interpreted against State Farm.
 State Farm represents that the California courts have not interpreted the clause "lives with" in an insurance policy. Trevino does not disagree and the court is aware of no California authority on this specific issue. Trevino relies upon National Automobile & Casualty Ins. Co. v. Underwood, 9 Cal.App. 4th 31, 11 Cal.Rptr.2d 316 (1992) to support her contention that the clause "lives with you" must be interpreted broadly so as to find coverage. In National, the California appellate court concluded that the term "resident" in an automobile liability clause which excluded injuries of residents of the insured's household was ambiguous when applied to children of divorced parents subject to joint physical custody. Id. at 41-42. The Court finds the analysis of the insurance provision in National inapplicable to the instant case since it interprets the term "resident" and construes the exclusion, rather than the extension, of coverage. Trevino provides no authority which makes "lives with" and "resident" interchangeable.
 "Under statutory rules of contract interpretation, the mutual intention of the parties at the time the contract is formed governs interpretation. Such intent is to be inferred, if possible, solely from the written provisions of the contract." AIU Ins. Co. v. Superior Court, 51 Cal.3d 807, 821-22, 799 P.2d 1253, 1264, 274 Cal.Rptr. 820, 831 (Cal.1990) (citing Cal.Civ.Code §§ 1636, 1639). "Words used in an insurance policy are to be interpreted according to the plain meaning which a layman would ordinarily attach to them. Courts will not adopt a strained or absurd interpretation in order to create ambiguity when none exists." Reserve Ins. Co. v. Pisciotta, 30 Cal.3d 800, 807, 640 P.2d 764, 768, 180 Cal.Rptr. 628, 632 (1982). The provisions are thus interpreted in their "ordinary and popular sense." AIU Insurance, 51 Cal.3d at 822 (citing Cal.Civ.Code § 1638).
 In addition, language in an insurance policy must be construed in the context of the policy as whole and within the circumstances of the particular case. La Jolla Beach & Tennis Club Inc. v. Indus. Indem. Co., 9 Cal.4th 27, 37, 884 P.2d 1048, 1053, 36 Cal.Rptr.2d 100, 105 (1994) (citing Bank of the West v. Superior Court, 2 Cal.4th 1254, 1265, 833 P.2d 545, 552, 10 Cal.Rptr.2d 538, 545 (1992)). Policy language cannot be found to be ambiguous in the abstract. Id.
 The district court found that Trevino had submitted no evidence that she lived with Ekeburg and that, to the contrary, the evidence submitted demonstrated that they did not live with each other. The court cannot find that this conclusion was in error as the plain meaning of "lives with you" simply does not contemplate circumstances such as Trevino and Ekeburg's living arrangements.
 Trevino provides no authority for her contention that the district court must take into account her and Ekeburg's subjective intent that the Laguna Hills condominium be their residence and thus find that they lived with each other. It appears that the California courts reject this argument. See Dalton v. Metropolitan Property & Liability Ins. Co., 136 Cal.App.3d 1037, 1041, 186 Cal.Rptr. 685, 688 (1982) (rejecting rule making determination of whether husband and wife are residents of same household turn on their subjective intent). To the extent that Trevino is arguing that Ekeburg understood his living situation to constitute living with Trevino, and that State Farm must have known of that understanding, when it sold the policy, the law requires that an insured's expectations be "objectively reasonable." AIU Insurance, 51 Cal.3d at 822, 799 P.2d at 1264, 274 Cal.Rptr. at 831; Bank of the West, 2 Cal. 4th at 1265, 833 P.2d at 552, 10 Cal.Rptr.2d at 545. The Court cannot find that it is reasonable to interpret Trevino's living arrangements as "living with" her son. The district court's judgment is sustained on this ground.
 B. Evidence that Trevino Was to Be an Insured
 Trevino argues that she should be a named insured in the policy as State Farm underwrote the policy with the intention of covering her as an insured. She points to a box on the insurance application which contains her name under the heading "Full Name of Persons to be Insured" and she argues that there are initials or a checkmark near the box indicating that State Farm approved of Trevino as an insured. Trevino also points to the driver profiles in the underwriting files, which contain both her and her son's names, and a July 1993 document entitled "COVERAGE INFORMATION," which lists Ekeburg and Trevino under a section entitled "Driver Information"
 The application for insurance is not a part of the policy. The application is merely a proposal, which "is not a completed contract until it is accepted by the insurer in the same terms in which the offer was made. If the acceptance modifies or alters any of the terms of the proposal, it must then in turn be accepted by the applicant to be effective as a contract." Linnastruth v. Mut. Benefit Health & Accident Ass'n, 22 Cal.2d 216, 219, 137 P.2d 833, 834 (1943). Thus, the policy controls where the insured accepts it, despite the policy being issued with different terms. Id. It is undisputed that Ekeburg accepted the policy, however, the record is not clear as to when the policy was issued.
 Trevino argues in her reply brief that the "BINDER" section of the insurance application obligates State Farm to insure her for thirty days after the effective date on the application as her name was listed in the section entitled "FULL NAME OF PERSONS TO BE INSURED." The binder states: "State Farm ... hereby binds as of the requested effective date for a period of 30 days from such date, the insurance applied for, subject to all of the terms and conditions of the automobile policy and applicable endorsements in current use by [State Farm]. The issuance by [State Farm] of the Declarations page of the policy applied for voids this binder." The effective date was October 20, 1991. Trevino argues that because the accident occurred November 7, 1991, the binder was in effect. The evidence suggests that Ekeburg received the Declarations page before the accident, because he states in his declaration that after he purchased the policy, he asked State Farm whether the policy covered his mother as she was the principal operator of the vehicle and lived at the residence where the vehicle was parked. State Farm assured him that his mother was covered. The record also contains a letter from the State Farm Underwriting Operations Superintendent which states that "[t]he policy was in effect on the accident date of November 7, 1994." (SER at 185). However, the record is not clear as to the issue date of the Declarations page. This ambiguity and the question of whether Trevino's name and the initials/checkmark under the heading "Full Name of Persons to be Insured" indicate that State Farm approved of Trevino as an insured dictate require the judgment in favor of State Farm be overturned on this ground.
 C. Ambiguity
 Trevino argues that the district court committed error when it failed to find that the policy was ambiguous and contradictory as to whether she was covered under the liability portion and thus erred by not construing the policy against State Farm. Specifically, Trevino argues that the coverage exclusions for non-owned cars are so ambiguous and contradictory, that State Farm ought to bear the risk of loss. However, State Farm correctly argues that Trevino must first demonstrate that she has coverage under the policy before she may properly argue about the policy exclusions. Accordingly, this issue may be addressed on remand.
 D. Duty to Defend
 When the potential for liability depends upon the resolution of a purely legal question, there is no duty to defend. Gray v. Zurich Ins. Co., 65 Cal.2d 263, 275 n. 15, 419 P.2d 168, 176 n. 15, 54 Cal.Rptr. 104, 112, n. 15 (1966); State Farm Mutual Auto. Insur. Co. v. Longden, 197 Cal.App.3d 226, 242 Cal.Rptr. 726 (1987). However, as the Court has found a question of fact as to whether Plaintiff was to be a named insured in the policy, this issue must be resolved on remand after resolution of this question of fact. Moreover, the district court in this case converted State Farm's motion to dismiss into a summary judgment; thus the record is not fully developed. This issue can be resolved on remand.
 E. Bad Faith
 State Farm correctly argues that even if it has interpreted Ekeburg's policy incorrectly, its denial of coverage does not necessarily constitute bad faith. Brandt v. Superior Court, 37 Cal.3d 813, 819, 693 P.2d 796, 800, 210 Cal.Rptr. 211, 215 (1985). The insurer's denial of coverage or indemnity must be "unreasonable" or "without proper cause." Opsal v. United Servs. Auto. Ass'n, 2 Cal.App. 4th 1197, 1205, 10 Cal.Rptr.2d 352, 357 (1991). As with the duty to defend, however, the Court finds that the bad faith question should be addressed on remand after the coverage issue has been resolved and upon a fully developed record.
 CONCLUSION
 The district court's judgment is affirmed in part, reversed in part, and remanded for further proceedings.
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 *
 The Honorable James Ware, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The record is not clear whether the Vella lawsuit was pending at the time that Trevino sued State Farm