880 So.2d 782 (2004)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Melissa COLON, Appellee.
Nos. 2D03-4124, 2D03-5518.
District Court of Appeal of Florida, Second District.
June 25, 2004.
Rehearing Denied July 20, 2004.
*783 Charles W. Hall and Mark D. Tinker of Fowler White Boggs Banker, P.A., St. Petersburg, for Appellant.
Danell G. DeBerg of DeBerg & DeBerg, P.A., St. Petersburg, for Appellee.
STRINGER, Judge.
State Farm Mutual Automobile Insurance Company seeks review of the order granting Melissa Colon's motion for partial summary judgment and the final declaratory judgment determining Colon's coverage under her grandfather's insurance policy. Because the trial court erred in determining that Colon resided primarily with her grandfather at the time of the auto accident, we reverse the trial court's order and final declaratory judgment and remand for the trial court to enter an order granting State Farm's motion for summary judgment.
An appellate court reviews de novo the propriety of the grant of summary judgment. Dwelle v. State Farm Mut. Auto. Ins. Co., 839 So.2d 897, 898 (Fla. 1st DCA 2003). State Farm argues that the trial court erred in determining that Colon falls under the uninsured motorist portion of her grandfather's insurance policy, which extends coverage to relatives who "reside primarily" with the insured. Residency in a household is a mixed question of law and fact to be determined based on the facts of each individual case. Row v. United Servs. Auto. Ass'n, 474 So.2d 348, 349 (Fla. 1st DCA 1985). However, when the facts are undisputed, as in this case, whether the facts fit within the insurance policy definition is a question of law that may be decided on appellate review. Id.
"A resident is one who lives at a place with no present intention of removing therefrom." Kiplinger v. Kiplinger, 147 Fla. 243, 2 So.2d 870, 873 (1941); see also Trezza v. State Farm Mut. Auto. Ins. Co., 519 So.2d 649 (Fla. 2d DCA 1988) (applying Kiplinger definition of resident to case involving uninsured motorist policy coverage). A determination of residency involves consideration of both fact and intention. See Kiplinger, 2 So.2d at 873.
In this case, Colon, her fiancé, and their baby were staying with Colon's grandfather while waiting for their water-damaged house to be repaired when she was injured in an auto accident. While staying with her grandfather, Colon continued to maintain the mortgage, utilities, phone, and mail service at her house. Further, there was no evidence that Colon listed her grandfather's address as her new permanent address or that she changed her driver's license or other documents to reflect a new place of residency.
We must consider not only the facts of Colon's situation, but also the evidence of Colon's intent while staying with her *784 grandfather. For example, in Trezza, this court noted that Trezza clearly considered his parents' address to be his permanent address and home despite being stationed at different bases during his military service, and we found Trezza to be covered as a resident. 519 So.2d at 652. However, in Whitten v. Allstate Insurance Co., 476 So.2d 794, 796 (Fla. 1st DCA 1985), when Whitten moved in with his parents in Florida after being laid off from his job in Indiana, the court noted a "total lack of evidence in the record that Whitten had any intention to continue living with his parents as of the date of the accident, and after the accident he returned to Indiana." The court then determined that Whitten was not a resident covered under his mother's policy despite his living with his parents and working for his father when the accident occurred. Id.
In this case, it is undisputed that Colon had a clear intent to move back to her house when the repairs were complete, and she did just that. Colon agreed that staying with her grandfather was "essentially a temporary living arrangement" and that she had no intent to change her permanent residence to her grandfather's house. Based on the facts and clear evidence of Colon's intent, we find that the trial court erred in determining that Colon resided primarily with her grandfather at the time of the accident. Accordingly, we reverse the trial court's order granting Colon's motion for partial summary judgment and final declaratory judgment. We remand for the trial court to enter an order granting State Farm's motion for summary judgment.
Reversed and remanded with directions.
SALCINES and CANADY, JJ., Concur.