SILBERMAN, Judge.
 

 State Farm Mutual Automobile Insurance Company appeals a summary judgment and a final declaratory judgment entered in favor of Steven Fischer. Because the trial court erred in determining that an ambiguity existed in the insurance policy at issue and that Mr. Fischer is entitled to medical expense coverage under his parents’ insurance policy with State Farm as a matter of law, we reverse and remand for further proceedings.
 

 On March 19, 2006, Mr. Fischer was a passenger in a car being driven by his friend. They were involved in an automobile accident, resulting in injuries to Mr. Fischer. Mr. Fischer’s parents owned the car and insured it with State Farm. The insurance policy included $10,000 in personal injury protection (“PIP”) coverage and $50,000 in medical expense coverage. As a result of Mr. Fischer’s injuries, State Farm paid the $10,000 in PIP coverage to Mr. Fischer’s health care providers, but it denied Mr. Fischer’s demand for payment of medical expenses in excess of $10,000.
 

 Mr. Fischer filed a declaratory judgment action against State Farm, seeking a determination that he was entitled to the medical expense coverage under his parents’ policy. He also requested a determination that State Farm was obligated to pay pre-judgment interest on benefits not timely paid and his reasonable attorney’s fees and costs. State Farm denied that Mr. Fischer was entitled to the medical expense coverage on the basis that he “was not a resident relative of the named insured at the time of the accident.”
 

 The insurance policy provides that it will pay medical expenses for bodily injury sustained by the first person named in the declarations, his or her spouse, and their relatives. Concerning medical expense coverage, the policy defines “relative” as “a relative of any degree by blood or by marriage
 
 who usually makes Ms home in the same family unit, whether or not temporarily living elsewhere.”
 
 (Emphasis added.)
 

 Mr. Fischer filed a motion for final summary judgment, arguing that there were no genuine issues of material fact and that his entitlement to medical expense coverage could be decided as a matter of law. He argued that the applicable definition of “relative” in the policy was ambiguous and must be construed to extend coverage to him. In support of his motion, he filed his deposition and the depositions of his parents.
 

 The deposition testimony established that at the time of the accident, Mr. Fischer lived in a mobile home some three to four miles away from his parents’ home. He purchased the mobile home in 1998. The mortgage for the mobile home and the lot lease were in his name, as were the electric and water bills. Mr. Fischer received mail at his home, including the mortgage, electric, and water bills. However, he received some mail at his parents’ home address. At various times during the eight years that he lived in his mobile home, he rented a room in the mobile home to others.
 

 Mr. Fischer has a learning disability, and he worked sporadically in the construction industry. He had financial difficulties, and his parents paid many of his debts. His mother testified that they paid 95% of his bills, and his father stated that Mr. Fischer paid part of his bills some of
 
 *1031
 
 the time. If Mr. Fischer could not pay his bills, his parents would pay them. Mr. Fischer’s parents purchased a truck for him and paid for significant repairs to the truck. Thejr also paid for the furniture that Mr. Fischer had purchased on credit.
 

 Mr. Fischer’s mother took him to the grocery store and purchased groceries for him about once a month. Mr. Fischer visited his parents’ home two to four times a month and sometimes ate meals there. During the eight years that he lived in his mobile home, he spent the night at his parents’ home a total of three or four times.
 

 After a hearing on Mr. Fischer’s motion for summary judgment, the trial court concluded, without explanation, that the applicable definition of “relative” in the insurance policy was ambiguous and that “the undisputed facts of this case require an interpretation in favor of coverage under the medical payment provisions.” On that basis, the trial court granted summary judgment and then entered a final judgment in Mr. Fischer’s favor.
 

 State Farm argues that the trial court erred in concluding that the policy language is ambiguous. It contends that there is no ambiguity in the definition of the term “relative” and that the pertinent policy language is readily understood. It notes that the definition of “relative” applicable to the policy’s no-fault coverage and medical expense coverage, quoted above, is in all material respects identical to the definition of “relative residing in the same household” found in section 627.732(6), Florida Statutes (2005), which is part of the Florida Motor Vehicle No-Fault Law.
 
 [1]
 

 See
 
 § 627.730. However, State Farm concedes that a factual dispute exists as to whether Mr. Fischer was a relative within the meaning of the policy.
 

 Mr. Fischer responds that State Farm’s definition of “relative” is ambiguous because State Farm did not define the term “family unit” or the phrases “usually made his home in the same family unit” or “whether or not temporarily living elsewhere.” Alternatively, he contends that even if the policy is not ambiguous, the judgment should be affirmed based on the evidence that he presented in support of his motion for summary judgment.
 

 Our standard of review is de novo.
 
 State Farm Mut. Auto. Ins. Co. v. Colon,
 
 880 So.2d 782, 783 (Fla. 2d DCA 2004). Insurance contracts, like other contracts, “should receive a construction that is reasonable, practical, sensible, and just.”
 
 Gen. Star Indem. Co. v. W. Fla. Vill. Inn, Inc.,
 
 874 So.2d 26, 29 (Fla. 2d DCA 2004);
 
 see also The Doctors Co. v. Health Mgmt.
 
 Assocs.,
 
 Inc.,
 
 943 So.2d 807, 809 (Fla. 2d DCA 2006) (quoting
 
 Gen. Star
 
 for same). “Terms used in a policy should be read in light of the skill and experience of ordinary people.”
 
 Gen. Star,
 
 874 So.2d at 29;
 
 see also Auto-Owners Ins. Co. v. Above All Roofing, LLC,
 
 924 So.2d 842, 847 (Fla. 2d DCA 2006) (citing
 
 Gen. Star
 
 for same). In addition, “in construing insurance policies, courts should read each policy as a whole, endeavoring to give every provision its full meaning and operative effect.”
 
 Auto-Owners Ins. Co. v. Anderson,
 
 756 So.2d 29, 34 (Fla.2000).
 

 “If the relevant policy language is susceptible to more than one reasonable interpretation, one providing coverage and [ ] another limiting coverage, the insurance policy is considered ambiguous. Ambiguous policy provisions are interpreted lib
 
 *1032
 
 erally in favor of the insured and strictly against the drafter who prepared the policy.”
 
 Id.
 
 (citations omitted). But, “the rule of liberal construction in favor of the insured applies only when a genuine inconsistency, uncertainty, or ambiguity in meaning remains after resort to the ordinary rules of construction,” and the fact that a policy fails to define an operative term does not, by itself, create an ambiguity.
 
 Gen. Star,
 
 874 So.2d at 30. “When the insurer has not defined a term, the common definition of the term should prevail.”
 
 Above All Roofing,
 
 924 So.2d at 847.
 

 We cannot agree with the trial court’s conclusion that the definition of “relative” contained in the policy is ambiguous. The policy language, including the definition of “relative,” is readily understood as providing medical expense coverage to a person related by blood or marriage to the named insured who usually makes his or her home with the named insured. Coverage would not be precluded if the person is temporarily living elsewhere. Although certain phrases within the disputed policy provision are not specifically defined, those phrases are readily understood within the context of the full provision. Further, the definition as a whole is not ambiguous or fairly susceptible to more than one meaning. Accordingly, the trial court’s determination that an ambiguity existed cannot be upheld.
 

 Mr. Fischer contends that apart from any ambiguity, the facts contained in the record support summary judgment in his favor. State Farm maintains that factual issues remain to be resolved. The parties do not dispute that Mr. Fischer is related to his parents “by blood or by marriage.” However, they disagree as to whether Mr. Fischer “usually makes his home in the same family unit, whether or not temporarily living elsewhere.” A number of Florida cases have addressed whether an individual qualifies as a “[rjelative residing in the same household.”
 

 In construing the terms “household” or “residency” under an insurance policy several courts, including this one, have observed there are three material aspects, including: “(1) close ties of kinship, (2) fixed dwelling unit, and (3) enjoyment of all the living facilities.”
 
 Dwelle v. State Farm Mut. Auto. Ins. Co.,
 
 839 So.2d 897, 899 (Fla. 1st DCA 2003);
 
 see also Kepple v. Aetna Cas. & Sur. Co.,
 
 634 So.2d 220, 221-22 (Fla. 2d DCA 1994) (recognizing same). A number of cases have held that the concept of household does not require an individual to live at the same physical address as the insured relative.
 
 See, e.g., Patterson v. Cincinnati Ins. Co.,
 
 564 So.2d 1149, 1151 (Fla. 1st DCA 1990) (noting that “it is not essential that the insured and the person claiming under the insured’s policy actually live within the same structure”);
 
 Alava v. Allstate Ins. Co.,
 
 497 So.2d 1286, 1287 (Fla. 3d DCA 1986) (acknowledging that recent case law “approves of a variety of family arrangements which extend beyond the physical parameters of the house”);
 
 Sutherland v. Glens Falls Ins. Co.,
 
 493 So.2d 87, 89 (Fla. 4th DCA 1986) (recognizing that “one can remain a resident of one’s former household while trying out different living accommodations”);
 
 Am. Sec. Ins. Co. v. Van Hoose,
 
 416 So.2d 1273, 1274 (Fla. 5th DCA 1982) (noting “that an insurance policy in some situations covers one who is not physically within the same house as the named insured”). Finally, this court has recognized that “[a] determination of residency involves consideration of both fact and intention.”
 
 Colon,
 
 880 So.2d at 783.
 

 Here, the evidence established that Mr. Fischer had close ties of kinship with his parents and was financially supported by them to a significant degree. However, he was not physically living with them at
 
 *1033
 
 the time of the accident and was not living in his mobile home on merely a temporary basis. Instead, he maintained his residence separate from his parents and had been living at that residence for years, and he did not establish that he had full enjoyment of his parents’ home or that he ever intended to live there again.
 
 See Van Hoose,
 
 416 So.2d at 1275-76 (recognizing that although the father provided significant financial support for the daughter’s expenses, “this fact alone is not sufficient to show a joint household,” and determining that “the daughter gave sufficient indi-cia of having a separate household, such as putting the electric in her name, having the lease for the original house in her name, and putting that address down for job applications and on federal income tax forms”).
 

 When the evidence with respect to residence points in either direction, the issue is for the trier of fact.
 
 Patterson,
 
 564 So.2d at 1151;
 
 Sutherland,
 
 493 So.2d at 89. However, when the facts are not disputed, “whether the facts fit within the insurance policy definition is a question of law that may be decided on appellate review.”
 
 Colon,
 
 880 So.2d at 783. Our record does not include a transcript of the hearing on the motion for summary judgment or any response by State Farm to Mr. Fischer’s motion. State Farm did not seek summary judgment in the trial court and did not submit any evidence in opposition to Mr. Fischer’s motion. Instead, it simply relied upon the evidence of record to argue that summary judgment should not be granted. On appeal, State Farm has not suggested that it is entitled to summary judgment. Rather, in its briefing and at oral argument it maintained its position that factual issues exist as to whether Mr. Fischer may qualify as a relative for purposes of medical expense coverage.
 

 After fully reviewing the record and the arguments, we conclude that the trial court erred in determining that the insurance policy is ambiguous. Therefore, we reverse the summary judgment and the final declaratory judgment. And, based on the record and State Farm’s concession that factual issues remain for resolution, we remand for further proceedings.
 

 Reversed and remanded.
 

 VILLANTI, J., and DAKAN, STEPHEN L., Associate Senior Judge, Concur.
 

 [1]
 

 . Section 627.732(6) provides as follows:
 

 " 'Relative residing in the same household’ means a relative of any degree by blood or by marriage who usually makes her or his home in the same family unit, whether or not temporarily living elsewhere.”